## JAMES SELMAN V. THE STATE.

*No. 854. Decided December 1.*

1. **Misdemeanor—Discharge of the Jury for Disagreement in the Absence of Defendant.**—A jury may be discharged by the court in a misdemeanor case, in the absence of defendant, on account of their failure to agree upon a verdict, where his counsel is present. The rule is different in felony cases.

2. **Same—Former Jeopardy.**—On a trial of a misdemeanor the case was submitted to the jury about 5 p. m., and after an hour's consideration they were permitted to disperse for the night. They considered the case the next morning for about two hours, and reported that they could not agree, their disagreement being a question of fact. The State's counsel agreed to a discharge. Defendant's counsel stated that he could not agree, because his client was absent, and that the court would have to do as he saw proper in the premises. *Held*, that a plea of former jeopardy at a subsequent trial, based upon the discharge of the jury as above stated, was properly stricken out. Rudder v. The State, 29 Texas Crim. App., 264, distinguished.

APPEAL from the County Court of Angelina. Tried below before Hon. J. T. MARONEY, County Judge.

Appellant was prosecuted by information for committing an aggravated assault upon one Sam Cherry, with a piece of iron called a "socket wrench"—a deadly weapon. The first trial was a mistrial, the jury being discharged for failure to agree upon a verdict. At his second trial he pleaded *former jeopardy*, which plea was stricken out by the court, and the trial resulted in his conviction of simple assault, the punishment being assessed at a fine of $5.

No further statement of the case is necessary.

*Mantooth & Townsend*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of a simple assault, and his punishment assessed at $5, from which he appeals.

There is a single question in the case: ought defendant's plea of former jeopardy be sustained? At the first trial of the case it was submitted to the jury about 5 o'clock, and after considering their verdict for about an hour they were allowed to disperse for the night, and met again in the morning, and after consideration of about two hours they came into court and asked to be discharged, as they could not agree, their disagreement being a question of fact. The court asked counsel for the State and defendant if they were willing for the jury to be discharged. The State's counsel replied in the affirmative, but defendant's counsel stated that defendant was not present, and he could not consent to the jury being discharged in defendant's absence; and the court would have to do as he saw proper in the premises. The court discharged the jury, and upon this trial the appellant interposed a plea of former jeopardy.

Such is the history of the case as testified to by appellant's counsel.

The plea is not good, even from defendant's standpoint. The Rudder case, 29 Texas Criminal Appeals, 264, relied upon by appellant, has no application to this case. The record in the Rudder case shows the jury stood seven to five, and they stated to the court that they did *not believe* they could agree. And this statement was made in the absence of defendant, who was in jail. The charge was a felony, being murder in the second degree.

The case at bar is a misdemeanor. The jury stated positively *they could not agree*, and asked to be discharged; that it was a disagreement on fact. The time which will show the improbability of an agreement depends largely on the nature of the case and the evidence in relation thereto, and must rest to a great extent in the discretion of the court. The jury had the case from 5 o'clock one evening to 9 next morning. The court saw it was useless to keep them longer, and asked counsel to consent to their discharge. Counsel for defense did not place his refusal upon the ground that the jury had not been upon the case long enough and there might be a probability of agreement, but he objected solely on the ground that he could not agree in the absence of his client, who, it seems, had gone home and did not return until after the jury were discharged. And counsel further stated to the court, that he would have to act on his own judgment, which the court forthwith did, and we see no abuse of his discretion.

There was, in our judgment, no necessity for defendant to be present. He had counsel to represent his interests. There is a great difference in these questions between the requirements of the code as to felonies and misdemeanors. Code Crim. Proc., arts. 698, 700. In the

Rudder case, supra, this court held that, in a felony case, the defendant should be present in all the proceedings in his case. But such is not the case in misdemeanors. Verdicts can be rendered in defendant's absence (Code Criminal Procedure, article 711); and we can see no reason why he should be present at the discharge of the jury. In felony cases the defendant is held in custody and can be readily brought before the court, but not so in a misdemeanor case. And defendant may, by absenting himself, keep the jury together after the court concludes upon unquestionable grounds that it is altogether improbable they will agree. Such a conclusion can not commend itself to our reason.

The court did not err in striking out the plea of former jeopardy.

*Affirmed.*

Judges all present and concurring.