## Julio Vela v. The State.

### No. 3171.   Decided April 11, 1906.

**1.—Assault With Intent to Murder—Former Jeopardy—What Plea of Should Contain.**

As a general rule the plea of former jeopardy should contain the pleadings and judgment, and should state with sufficient fullness those matters in order to identify the case on trial with that previously tried as being the same transaction or the identical offense. However, this is not required unless it is the identical case on which the second trial is had.

**2.—Same—Where Prosecution is Under Same Indictment.**

Where the prosecution is under the identical indictment on which the former trial is had, the pleadings and judgment are all part and parcel of the record and before the court and need not be specially set out in the plea.

**3.—Same—Interlocutory Judgment—Collateral Proceeding.**

Where a judgment discharging the jury was entered in D County and the case was afterwards transferred on change of venue to N County, it was not a final judgment but an interlocutory one, nor was it a collateral proceeding; all the parties to said judgment being parties to the trial in N. County under the same indictment.

**4.—Same—Time of Filing Plea—Bill of Exceptions.**

In pleas of this character the statutes have not provided as to the time or order of filing the same; nor is a bill of exceptions necessary to preserve it.

**5.—Same—Discharge of Jury in Criminal Case—Absence of Defendant.**

Where appellant was indicted in one county and his case was transferred on change of venue to another county after the jury failed to agree and were discharged by the court in the absence of the defendant and his counsel, and appellant filed his plea of former jeopardy setting up the facts in regard to the former trial, which was stricken out on motion of the State because a copy of the judgment discharging the jury was not made an exhibit. Held error, although said judgment recited that appellant and his counsel were present and consented to the discharge of the jury.

Appeal from the District Court of Nueces County.   Tried below before Hon. Stanley Welch.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for assault to murder, three years in the penitentiary being fixed as the punishment. Appellant was indicted in Duval County, and his case went thence on change of venue to Nueces County. Before the transfer there was a trial in Duval County, in which the jury failed to agree, after being out something over twenty-four hours, and were discharged by the court, in the absence of defendant and his counsel. However, the judgment recites that appellant and his counsel were present and consented to the discharge of the jury. When the case was called for trial in Nueces County, appellant filed his plea of jeopardy, setting up the facts in regard to the former trial; and further that neither he nor his counsel were present at the time of the discharge, and were not consenting to such discharge. A motion to strike out was filed by the State (which was sustained by the court), because a copy of the judgment discharging the jury was not made an exhibit. And further because said plea was a collateral attack upon an existing and binding judgment of a court of record, not appealed from but still in force; and that it was an attempt to contradict the terms of the judgment of the District Court of Duval County, subsequent to the adjournment of the term, at which said judgment was entered, and from which no appeal had been taken.

As a general rule the plea of jeopardy should contain the pleadings and judgment, and should state with sufficient fullness those matters in order to identify the case on trial with that previously tried, as being the same transaction, or the identical offense. However, that is usually the case only where the case in hand is not under the identical indictment or information as that previously tried. In other words, the plea of jeopardy to be sufficient must set out the indictment or information, unless it is the identical one on which the second trial is had; and also the judgment of the former case, and must allege, and the proof show the identity of the party and the identity of the offense. And this predicate, upon the dismissal of the first transaction, to be sufficient, the plea must contain the motion to dismiss and the judgment predicated on the motion. But that rule does not obtain where the prosecution is under the identical indictment on which the former trial was had. Where this is the case, the matters are all part and parcel of the record, and is before the court. This question is sometimes found in case where a party has been acquitted of the higher grade of the offense, and convicted of the lesser. It would not be necessary under that peculiar combination of facts for the appellant to allege, upon the second trial, that he had been acquitted of the higher grades of offense. It is a part of the case itself. It is known to the court, and is a part of the record under that particular indictment and proceeding. The judgment rendered in Duval County was an interlocutory judgment; was had in the trial under this identical indict-

ment. It was not a final judgment but an interlocutory one. Nor was it a collateral proceeding. It was one of those judgments from which an appeal could not have been prosecuted. All of the parties to that judgment were parties to the trial in Nueces County, and under the same indictment. There had been no dismissal of the indictment under which he was tried in Duval County. The attack on the judgment, therefore, was not in the nature of a collateral proceeding. It was the case itself. All of the orders and matters occurring in Duval County were necessarily a part of the transcript on the change of venue from Duval to Nueces County, and formed as much a part of the record as if they had originated in Nueces County. In pleas of this character, our statutes have not provided as to the time or order of filing the same. It has been held that it was not necessary to preserve it by bill of exceptions. Pizano v. State, 20 Texas Crim. App., 139; Rust v. State, 31 Texas Crim. Rep., 77. If the judgment had been in another proceeding than under the present indictment, perhaps it would have been proper, or even necessary for appellant to have made exhibit, or in some way have set out the judgment on the former trial on this question; but as it was under the same indictment and the same proceeding we hold that it was not necessary. That being a part of the case it was sufficient in the plea to set out the fact that the jury had been discharged in his absence, and without his consent. If the facts set up in the plea are true, that the jury was discharged in the absence of the defendant in Duval County, the plea of jeopardy was well taken. Under all the authorities, so far as we are aware, the discharge of the jury in a criminal action upon a valid indictment, without the consent of the defendant, not called for by imperious necessity, operates as an acquittal and bars further prosecution. 11 Amer. & Eng. Ency. of Law, 1 ed., p. 950, and note 4 for collation of numerous authorities. The proposition stated in another form: The discharge of a jury in a criminal case, without legal justification, entitles the prisoner to discharge as if acquitted. Jones v. State, 38 Amer. Stat. Rep., 150, and notes. Such is the rule in this State: Rudder v. State, 29 Texas Crim. App., 262; Rust v. State, 31 Texas Crim. Rep., 77; Upchurch v. State, 36 Texas Crim. Rep., 624; Selman v. State, 33 Texas Crim. Rep., 631; Bland v. State, 42 Texas Crim. Rep., 286. It is not necessary here to go into a discussion of what is imperious or pressing necessity. That class of cases, as here referred to for this proposition, apply where defendant is present: at least these authorities are cited for that purpose in this case. But the proposition here is: the jury were discharged in the absence of the defendant. We have been unable to find any authority which justifies the discharge of the jury in the absence of the defendant. When such discharges occur, it must be in the presence of the accused. Rudder v. State, 29 Texas Crim. App., 262; Rust v. State, 31 Texas Crim. Rep., 77; Upchurch v. State, 36 Texas Crim. Rep., 624; Selman v. State, 33 Texas Crim. Rep. 631; Bland v. State, 42 Texas Crim.

Rep., 286; Atkins v. State, 16 Ark., 568; State v. Walker, 26 Ind., 346; Com. v. Roby, 12 Pick. (Mass.), 496; Price v. State, 36 Miss., 531; Peo. v. Green, 13 Wend. (N. Y.), 55; Hurley v. State, 6 Ohio, 399; U. S. v. Perez, 22 U. S. (9 Wheaton), 580. It has been so often held in this State that a defendant in a felony case must be present whenever any of these necessary steps are taken, that further citations are unnecessary. A witness cannot be examined in his absence; a jury cannot be empaneled in his absence; nor can a verdict be received, unless he be present. If the facts stated are true, that the jury was discharged in the absence of the defendant, and without his consent, the plea is well taken, and jeopardy will avail him. The facts are so stated, and he should have been permitted to prove these averments in his plea.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*