ANDERSON BLAND v. THE STATE.

No. 2309.     Decided November 21, 19

1.  Sickness of Juror—Judicial Knowledge—Practice.

A trial judge is not authorized to take judicial notice of the physical condition of a juror as to disease or health. Where a juror is taken sick, the trial should be suspended and the juror temporarily placed in charge of an officer and his condition inquired into by a physician called for that purpose.

2.  Former Jeopardy—Discharge of Jury—Sickness of Juror.

Where the court discharged the jury of his own motion on account of the sickness of one of the jurors, without an examination by a physician or otherwise as to his physicial condition, and at the subsequent trial struck out defendant's plea of former jeopardy and refused to hear evidence as to the plea; Held, error. It was the duty of the judge, where the plea presented an issue of fact as to the proper exercise of discretion by the court in discharging the jury, to hear evidence upon the issue, in order that the necessity for discharging the jury might be properly determined.

APPEAL from the District Court of Waller.     Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

No statement of the case necessary, inasmuch as the appeal is dis-

posed of on the question of defendant's plea of former jeopardy, which is fully shown by the opinion.

No briefs for either party found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of theft of a hog, and his punishment assessed at two years confinement in the penitentiary.

The only question presented for our consideration is the action of the court in regard to defendant's plea of former jeopardy, which was stricken out by the court on motion of the district attorney; said plea setting up the fact that in the same case, on the day preceding the trial and conviction in this case, defendant had been placed upon trial, and a jury was regularly impaneled and sworn to try the case. After the State's testimony in chief had been adduced, and during the examination of defendant's witnesses, one of the jurors (Amos Brown) stated that he was sick, and that he had a chill, whereupon the court, of his own motion, discharged said juror and allowed him to go home, after which he asked counsel for defendant if he was willing to impanel another juror and go on with the case. Counsel stated that he would not consent or agree to anything, and thereupon the court discharged the remaining eleven jurors, without the consent of appellant. Attached to this motion is the order of the court discharging the jury, which recites, in substance, that after the jury had been impaneled to try said case, and while the evidence was being adduced, one of the jurors, to wit, Amos Brown, became so sick as to prevent his continuing on the jury; and this fact being patent and clear to the court, and the court being convinced that said juror was unable to longer discharge the duties of a juror in the case, the court ordered said juror discharged on account of said sickness, etc. The answer of the State to the plea set up the facts recited in the judgment discharging the jury, and asked that the plea of former jeopardy be stricken out, which was done by the court, and appellant excepted. In the motion for new trial the question was again brought up, and appellant excepted to the action of the court in striking out his said plea, and for refusing to hear evidence thereon. The court, in explaining his action in this matter, in connection with the bill of exceptions, stated: "That he struck out said plea because, in the opinion of the court, there was no former jeopardy. That during the trial of the case the juror Brown staggered up to the judge's stand and fell down, looking to the court like he was a very sick man, which was a fact, and said that he was unable to sit up, and asked to be allowed to go, whereupon the court deemed it absolutely necessary for him to leave the court room, and that there was no time to call in a doctor, and go through the form of trying whether he was sick or not. The court ordered him dis-

charged, and then and there offered defendant the right to select another juror and start the testimony over again. But defendant would not say anything, whereupon the court discharged the entire jury, and the next day impaneled another jury to try defendant; and on the second trial defendant filed his special plea of former jeopardy, which the court struck out, because the court knew there had been no jeopardy, and it would have been absurd and ridiculous to have submitted such an issue to the jury, because he would have instructed them that there was no former jeopardy, and to disregard the plea, for it was a question of absolute necessity to discharge the jury, which necessity vested in the discretion of the court, and of which the court alone could judge."

There are some cases in which it has been held proper for the court to strike out a plea of former jeopardy, and refuse to hear evidence thereon, as where the indictment in the former case is fatally defective (Williams v. State, 34 Texas Criminal Reports, 433; Epps v. State, 38 Texas Criminal Reports, 284), or if the two indictments on their face appear to be for entirely different offenses, and the conviction or acquittal in the one would not bar a prosecution under the second. Simco v. State, 9 Texas Crim. App., 338; Wheelock v. State (Texas Crim. App.), 38 S. W. Rep., 182. Ordinarily it is the duty of the court to hear evidence on a plea of former jeopardy, and submit the same to the jury; and the jury must find whether or not the plea is true. See arts. 579, 750, White's Ann. Code Crim. Proc., and authorities there cited. It has been held in a number of cases in this State that if, during the trial of a case, one of the jurors become so sick as to prevent the continuance of his duty as a juror, it is competent for the court to discharge him, and this would not constitute jeopardy. Art. 737, White's Ann. Code Crim. Proc., and authorities there cited. Woodward v. State, ante, p. 188, and authorities there cited. This matter, while it is within the sound discretion of the trial judge, must be exercised judicially and upon legal evidence, and is subject to review by this court. Upchurch v. State, 36 Texas Crim. Rep., 624. Where a court is authorized to take judicial cognizance of matters, it is held that this power must be exercised with caution, and care must be taken that the requisite notoriety exists, and every reasonable doubt upon the subject should be promptly resolved in the negative. Brown v. Piper, 91 U. S., 37, 23 L. Ed., 200. The learned judge before whom this case was tried assumed that he was authorized to take judicial cognizance of the condition of the juror, and from his own knowledge, and without any investigation, determine the necessity and order the juror discharged, without the consent of appellant, and, furthermore, to refuse to hear evidence upon appellant's plea on the subsequent trial of the case against him. We are aware that a judge, who represents the court in this regard, is authorized to take judicial cognizance of a great many things, and especially of matters transpiring before him. 12 Am. and Eng. Enc. of Law, pp. 150-200. But we are not advised

that he is authorized to take judicial notice of the physical condition of a person, as to disease or health. Even a physician, with a superficial examination, such as was given by the judge in this instance, would scarcely be authorized to say that the juror Brown was too sick to continue serving on the jury. We would, in such a case, have expected some sort of an examination of the patient, as feeling his pulse, looking at his tongue, etc. Even this was not done by the judge, but, from a mere casual observation of the juror, he held himself prepared to decide that he was too sick to remain on the jury. So far as appears to us from the record, he was merely temporarily ill with a chill. Under such circumstances, it would have been entirely competent for the judge to have suspended the trial, and to have temporarily retired the juror in charge of some officer, and had a physician called to attend him, and, if the juror continued sick, to have then had a further investigation, and, if the necessity was apparent, discharge the jury. At any rate, it was the duty of the judge, when the case was subsequently called for trial, and the plea of former jeopardy was interposed by appellant, which involved an issue of fact as to the proper exercise of the discretion of the court in discharging the jury, to hear evidence upon such issue, in order that the necessity for the discharge of the jury might be properly determined. For the error of the court in striking out said plea, and refusing to hear evidence thereon, the judgment is reversed and the cause remanded.

*Reversed and remanded.*