W. E. CHADWICK v. THE STATE.

No. 5505. Decided November 26, 1919.

1.—Bawdyhouse—Former Jeopardy—Discharge of Jury.

Where, upon trial of keeping a bawdyhouse, defendant filed a plea of former jeopardy, setting up that at a former time he was placed upon trial on this same charge and that after the trial had begun and his plea entered and evidence heard, one of the jurors failed to appear; that a deputy sheriff was sent for said juror and reported that said juror was sick and could not come, etc., whereupon the jury was discharged over the objection of the defendant. Held, that the plea should have been submitted and it was reversible error to strike it out. Following: Bland v. State, 42 Texas Crim. Rep., 286

2.—Same—Pleading—Lessee—Tenant—Charge of Court.

Where, upon trial of keeping a bawdyhouse, the State's pleading alleged that the defendant was the lessee and tenant of the premises, the court should have submitted this issue.

Appeal from the County Court of Grayson. Tried below before the Hon. Dayton B. Steed, judge.

Appeal from the conviction of keeping a bawdy house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton,* Attorney General, *John Maxwell,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted in the County Court of Grayson County, of the offense of keeping and permitting to be kept a bawdyhouse in the premises leased and controlled by him, and his punishment fixed at a fine of $200, and twenty days in the county jail.

There is but one error assigned, which we deem it necessary to discuss.

Appellant filed a plea of former jeopardy, setting up that at a former time he was placed upon trial on this same charge, and that after the trial had begun, and his plea entered and evidence heard, that one of the jurors failed to appear upon the assembling of the court, and that a deputy sheriff was sent for said juror. That said deputy sheriff came back, bringing word that said juror was sick and could not come; whereupon the court swore said deputy sheriff, who stated over the objection of appellant, based upon his lack of qualification, that said juror had a fever, and could not come to court. Said plea further states that thereupon, and over the objection of appellant, the jury were discharged; to which action the appellant then excepted. Subsequently, when said case was called for trial, appellant duly presented to the court his plea of former jeopardy, setting up the above facts. Upon motion of the county attorney, said plea of jeopardy was stricken out, and no evidence heard in support thereof, to which action the appellant objected, the same being also set up as a ground of the motion for a new trial.

Under the authority of Bland v. State, 42 Tex. Crim. Rep., 286, this action of the trial court was erroneous. The plea raised a question of fact, and, while the burden was on appellant to show an abuse of the court's discretion in the original discharge of the jury, still he had the right to assume said burden in a case of this kind, and to show by facts, if possible, that the court erred originally in discharging the jury, and, if he was not satisfied with the court's ruling upon the facts presented in support of his plea of jeopardy, he had the right to bring the matter to this Court for review. The Bland case is almost identically upon a similar state of facts, except that we think the instant case presents a stronger state of facts in favor of appellant's right to be heard. In the Bland case, the illness of the juror occurred in the presence of the court, who thereupon excused him, and when the plea of former jeopardy was later presented, the court sustained the motion to strike it out, stating that of his own knowledge he knew the juror was sick. For the error mentioned, the judgment of the trial court will have to be reversed.

We observe that inasmuch as the State's pleading alleges that appellant was the lessee and tenant of the premises under investigation, the charge of the court should submit to the jury the question as to whether or not appellant in fact occupied that relation to said premises.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*