### Rosalia Torres v. The State.

#### No. 6617.   Decided February 1, 1922.

#### Rehearing Denied April 5, 1922.

1.—Theft of Automobile—Former Jeopardy—Jury and Jury Law.

Where, upon trial of theft of an automobile, the record showed on appeal that a brother of one of the jurors died after the jury was empanelled, and the court found that there was need for the presence of the juror to arrange

for the funeral of his brother, and this was explained to the defendant, who assented to the discharge of the jury, a complaint during the instant trial that the jury were improperly discharged, and the plea of former jeopardy was made, and overruled by the court, there was no reversible error. Following Woodward v. State, 43 Texas Crim. Rep., 188.

### 2.—Same—Former Jeopardy—Discharge of Jury—Rule Stated.

While there is no question that after appellant was placed upon trial, a jury sworn and empanelled, and the pleas of the State and the accused entered he was in jeopardy, but after such jeopardy the court could discharge the jury without defendant's consent, such action being within the law, and there being no abuse of discretion, there was no reversible error. Following Lovelace v. State, 45 Texas Crim. Rep., 361, and other cases.

### 3.—Same—Former Jeopardy—Judgment—Discharge of Jury.

Where defendant complained on appeal that the court did not peremptorily act upon a plea of former jeopardy which alleged that the facts did not justify the same, and that defendant did not understand what was being done, etc., and the record showed that the court submitted to the jury that if the jury believed from the evidence that the accused was not informed of the procedings, etc., they would find in favor of defendant's plea, there was no reversible error.

### 4.—Same—Newly Discovered Evidence—Want of Diligence.

Where, upon motion for new trial, the defendant set out newly discovered evidence, but the motion showed a want of diligence, there was no error in overruling same.

### 5.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of an automobile, the evidence sustained the conviction, there was no reversible error.

### 6.—Same—Rehearing—Judgment—Question of Fact.

Where appellant contended in his motion for rehearing that the judgment entered in the trial court at the time the jury were discharged was sufficient in law, that appellant was in jeopardy, and that the court should have instructed the subsequent jury that appellant's plea was good, but the record showed that the plea raised an issue of fact, and the court properly submitted the same to the jury, there was no reversible error. Following Hipple v. State, 80 Texas Crim. Rep., 531, and other cases.

Appeal from the District Court of El Paso.  Tried below before the Honorable W. D. Howe.

Appeal from a conviction of theft of an automobile; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Harper* and *M. W. Stanton,* for appellant.—On question of former jeopardy: Piazano v. State, 20 Texas Crim. App., 139; Vela v. State, 95 S. W. Rep., 529; Vestal v. State, 3 Texas Crim. App., 648; Brinck v. State, 18 Texas Crim. App., 344; and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the 34th District Court of El Paso County of theft of an automobile, and his punishment fixed at four years in the penitentiary.

The jury was discharged after being impaneled and after the pleas of both parties were presented. The case was postponed and tried at a special term thereafter. When next called for trial a plea of jeopardy was presented on behalf of appellant and submitted to the jury, which found against same. Error in this matter is the chief complaint on this appeal.

A brother of one of the jurors died after the jury was impaneled. The matter was reported to the court and that there was need for the presence of the juror to arrange for the funeral of his brother. From the evidence introduced upon the trial it appears that the court directed the official interpreter to explain this situation to the appellant, who was a Mexican and did not speak English. The interpreter testified that he explained the situation to the appellant and asked him if he was willing for the jury to be discharged, and that appellant answered that he was. In testifying in his own behalf appellant swore that when the matter of the discharge of the jury was up, Mr. Garcia, the court interpreter, asked him if he would consent to the discharge of the jury, and that he stated in words or substance that he would. The trial court testified as a witness also, stating that he instructed the interpreter to explain the situation to the accused. The appellant's attorney seems not to have agreed to the discharge of the jury, which was discharged upon the court's own motion, judgment being then and there entered reciting the presence of the accused and the death of the juror's brother, and the need for his presence to arrange the funeral, and that it appeared to the court that such death had taken place since the beginning of said trial, and that said juror was needed as aforesaid, and that it was made known to the court through his attorney, that appellant did not contest the fact of said death, and that for said reasons the trial was discontinued and the jury discharged.

Article 757, Vernon's C. C. P., authorizes the discharge of the jury in a felony case after being impaneled, if any accident or circumstances arises to prevent their being kept together. The exact question as to the sufficiency of the circumstance of the death of a brother of a juror, as ground for the discharge of the jury, does not seem to have been before this court, but in Woodward v. State, 42 Texas Crim. Rep. 188, we held that the serious and probably fatal illness of a juror's child, was such circumstance as authorizes the discharge of the jury. We are inclined to think that where the record shows an adjudication by the trial court of the fact of the death of a juror's brother during the trial, and of the further fact of the need for the

presence of said juror at once to arrange for the funeral, and the discharge of the jury in such event, that we should not hold this any abuse of the necessary discretion confided in the trial court in such matters of practice. Death and illness nigh to death are the most disturbing factors to the human mind when they come to our loved ones, and care for the dead and dying is one of the strongest calls upon affection and humanity, and we do not feel any need to make elaborate argument to support our conclusion that this was a sufficient circumstance to justify the action of the trial court.

Nor do we think it necessary to discuss at length the question of jeopardy. There is no question but that after appellant was placed upon trial, a jury sworn and impaneled and the pleas of the State and the accused entered, he was in jeopardy. Nor is it necessary to discuss the proposition that if the discharge of the jury was without lawful authority, the accused could not again be tried for the offense charged against him. Equally well settled, however, are the propositions that after the accused is put in jeopardy, the courts may discharge the jury without his consent if such action be within the direction of the laws in such case provided. Unless it be shown to us that there is an abuse of the discretion confided in the lower court, we would be constrained to hold that no ground existed upon which to rest a plea of jeopardy. Lovelace v. State, 45 Texas Crim. Rep. 261; Bland v. State, 42 Texas Crim. Rep. 288; Usher v. State, 42 Texas Crim. Rep. 461; Smith v. State, 22 Texas Crim. App. 196; Brady v. State, 21 Texas Crim. App. 659; Penn v. State, 36 Texas Crim. Rep. 161; Rudder v. State, 29 Texas Crim. App. 263; Varnes v. State, 20 Texas Crim. App. 109.

Appellant's plea of jeopardy set up the judgment rendered by the lower court when the jury were discharged, and alleged that the facts did not justify same, and that he did not understand what was being done and did not consent to such discharge. Complaint is made on this appeal because the court did not peremptorily act upon this plea himself, but we think it the proper practice to submit same to the jury as was done. Hipple v. State, 80 Texas Crim. Rep., 531. The only question submitted to the jury by the court relating to the matter of jeopardy, was to the effect that if the jury believed from the evidence that the accused, prior to the time of the discharge of said jury, was not informed as to the proceedings and the circumstances under which the jury was to be discharged, then the jury should find in favor of appellant's plea of jeopardy, in which event he should be acquitted, but that if he was informed and did have knowledge of such proceedings while present in court at the time of such discharge, then they should find against his plea of jeopardy. In our opinion the court's charge was restrictive against the State and was more favorable to the appellant than the facts adduced would seem to warrant. In view of the fact that appellant swore that he consented

to said discharge, in which he was corroborated by the testimony of the court interpreter, it would seem as though this might be taken as decisive of the fact that he did so consent, and that the matter of jeopardy was thus settled against him. However, the court did submit to the jury the issue as above stated, and we think the facts in evidence amply justified the jury's conclusion thereunder that appellant's plea of jeopardy was not supported.

Appellant sought a new trial because of newly discovered evidence, it being stated in his motion that since the trial he had found out that Jesus Gutierrez, State witness, swore falsely that when he arrested appellant, the latter told him that an American had given him the alleged stolen automobile; and that said false statement was made because of money paid to said witness. It sufficiently disposes of this matter to, say that a careful search of the evidence of the witness Gutierrez as same appears in the statement of facts, fails to reveal any such testimony given by the witness as that attributed to him in the above statement of the newly discovered evidence. Said witness appears to have testified nothing relative to any statement made to him by appellant which remotely resembles the one set out in said motion. The affidavit of appellant's mother sets up that at the time the case was before the court when the jury were discharged, that said witness Gutierrez told her then that he had been paid some money to give testimony against appellant. This was many weeks before the trial herein was had, and appellant's mother was present at his final trial and these facts would appear to negative any diligence on the part of appellant or his counsel to ascertain the facts contained in the affidavit of appellant's mother. This is said notwithstanding the matters contained in her affidavit are not the same or in anywise similar to those set up in his motion and upon which appellant must rely in asking us to consider his right to a new trial.

We do not feel inclined to agree with appellant's contention that the evidence is not sufficient to support the verdict. The car of prosecuting witness was lost and when next seen was in possession of appellant who was in the act of secreting same at a point across the Rio Grande river and in old Mexico. The fact of his possession of the recently stolen automobile does not seem to have been explained with any satisfaction.

It is not here insisted that any error was committed in the charge of the trial court, and we observe none therein.

Finding no reversible error, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 5, 1922.

HAWKINS, JUDGE.—The judgment entered upon the discharge of the jury at a prior term of the court was based upon the fact that a brother of one of the jurors (H. O. Marshall) had died since said juror had been impaneled as a member of the jury, and that said juror was needed to make arrangements for the funeral of his brother. The said order discharging the jury makes no direct finding as to the consent or nonconsent of accused, nor to the mental status of the juror Marshall because of the death of his brother which would render him unfit for further service as a juror at the time.

Appellant objected to the court submitting the issue of former jeopardy at all, on the theory that the judgment entered at the time the jury was discharged was sufficient in law to show that appellant was in jeopardy, and contended that the court should have peremptorily instructed the subsequent jury that appellant's plea was good. We are unable to agree with appellant's contention in this respect. The plea of jeopardy raised an issue of fact which appellant had a right to have the jury pass upon under proper instructions from the court. The recitals in the judgment discharging a jury are not binding against an accused as has been held by this court in Bland v. State, 42 Texas Crim. Rep., 286; Vela v State, 49 Texas Crim. Rep., 588; Hipple v. State, 80 Texas Crim. Rep., 531; 191 S. W. Rep. 1150. In Rogers v. State (decided March 1st, 1922 and not yet officially reported), we expressed the view that under authority of the above cited cases even a failure to enter a judgment at time the jury was discharged would not operate against the State to the extent of making a plea of jeopardy good as a matter of law, but that the plea would be sustained or defeated upon the facts.

Appellant presented many objections to the manner in which the trial judge submitted the issue of former jeopardy to the jury, and urges them on the motion for rehearing.

Appellant admitted that he consented to the discharge of the jury; the interpreter testified to the same fact. Appellant sought to escape the consequence of his admission by attempting to raise the issue that he did not understand the proceedings when the jury was discharged. Upon the latter question only did the court submit the issue. Under the facts of the case we see no error in this.

The motion for rehearing is overruled.

*Overruled.*