## WORTH YANTIS V. THE STATE.

### No. 7720.　Decided May 30, 1923.

### Rehearing denied October 31, 1923.

**1.—Theft of Automobile—Indictment.**

Where, upon trial of theft of an automobile, the indictment followed approved precedent, there was no error in overruling a motion to quash.

**2.—Same—Jeopardy—Discharge of Jury—Practice in Trial Court.**

Where the bill of exceptions, bringing the matter forward, contained only the plea of jeopardy with a qualification by the trial judge that he was of the opinion that the jury could not agree, and further consideration of the case would not accomplish any other result after full investigation into the differences of the jury, there was no error in not submitting the plea to the jury, under the contention that the jury had been discharged too soon. Following Dunn v. State, 92 Texas Crim. Rep., 126, and other cases, no evidence appearing to have been offered upon the issue.

**3.—Same—Charge of Court—Weight of Evidence.**

Where the requested charges were clearly upon the weight of the evidence and not authorized thereby, they were correctly refused.

**4.—Same—Insanity—Judgment—Charge of Court—Rule Stated—Burden.**

Where, upon trial of theft of an automobile, the defendant pleaded insanity, and among other testimony, introduced in evidence a judgment of the county court, dated September 4, 1917, adjudging him insane at that time, and the court charged that the presumption of sanity should be indulged and that the burden was on the accused to establish insanity by a preponderance of the evidence, but that the jury must believe beyond a reasonable doubt that defendant was guilty of the theft only if at the time he took the alleged property he was sane, and submitted a requested charge that if he was not sane he could not be convicted of the crime, etc., there was no reversible error under the facts of the instant case.

**5.—Same—Charge of Court—Insanity—Judgment—Presumption.**

While it is true that the trial judge did not, in so many words, tell the jury that the lunacy judgment in 1917 raised the presumption that defendant was insane at the time of the alleged theft, yet the effect of his charge was the same if he had so told them, because he required that the jury could not convict unless they found from the evidence beyond a reasonable doubt that defendant was sane at the time of such theft. Following Barton v. State, 89 Texas Crim. Rep., 387, and other cases.

6.—Same—Rehearing—Trial Courts—Regularity of Proceeding.

The regularity of proceedings in trial courts is presumed in the absence of a showing to the contrary, and when the jury engaged in the trial fails to agree and is discharged it must be presumed, in the absence of a showing to the contrary, that a judgment of the court was rendered at the time of such discharge, and that its recitals present facts which justified the court in such discharge. Following Torres v. State, 91 Texas Crim. Rep., 386, and other cases.

7.—Same—Insanity—Plea of Guilty—Practice in Trial Court.

It was proper for the trial court, when evidence was introduced tending to show insanity of defendant at the time of the commission of the offense, to have the plea of guilty withdrawn and a plea of not guilty entered. Following Taylor v. State, 88 Texas Crim. Rep., 470.

8.—Same—Permanent Insanity—Rule Stated.

The question of insanity is merely one of fact, and if defendant is not permanently insane when he was so declared by the lunacy judgment, it would not be just to the State to charge the presumption that insanity is presumed to continue, but the whole of the evidence must be submitted together with the judgment of lunacy, and the main fact be determined by all of the evidence in the case. Following Hunt v. State, 33 Texas Crim. Rep., 252, and other cases.

Appeal from the District Court of Palo Pinto. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of theft of automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ritchie & Ranspot*, for appellant. On question of former jeopardy, Hipple v. State, 191 S. W. Rep., 1150; Powell v. State, 17 Texas Crim. App., 345.

On question of lunacy judgment, Witty v. State, 153 S. W. Rep., 1147, and cases cited in the opinion.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State. On question of presumption as to continuation of insanity, Leache v. State, 30 S. W. Rep., 539; Hunt v. State, 26 id., 206; Simms v. State, 99 id., 555; Barden v. State, 89 Texas Crim. Rep., 387; Singleton v. State, 57 id., 560; Nations v. State, 91 id., 112; Apolinar v. State, 92 id., 583.

HAWKINS, Judge.—Under an indictment charging him with the theft of an automobile from the possession of W. F. Wright in Palo Pinto County, Texas, on or about the 9th day of July, 1922, appellant was convicted and his punishment assessed at two years confinement in the penitentiary.

The court properly overruled appellant's motion to quash the indictment. We observe no defects therein.

The trial which resulted in the present conviction was begun on October 26th, 1922. When the case was called appellant presented a plea of former jeopardy. He alleges therein that he had at a former day of the term been put upon trial under the same indictment; that he had entered a plea of "guilty" which over his protest had been changed by the court to one of "not guilty;" that the case was submitted to the jury which failed to agree, and which was discharged by the court after they had deliberated only about three and one half hours; that appellant's counsel declined either to agree or to enter objection to the discharge of the jury. The judgment entered by the court upon discharging the jury not being made a part of the plea, and not being before us in any way, it is therefore impossible for us to know what it recites. The bill of exception bringing the matter forward contains only the plea of jeopardy, with a qualification by the trial judge that he "was of the opinion that the jury could not agree and further consideration of the case would not accomplish any other result. This was after full investigation into the differences of the jury." We cannot hold as a matter of law that the plea of jeopardy should have been sustained. The point turns upon whether the court discharged the former jury prematurely. That became a question of fact which upon evidence introduced and under appropriate instructions would have been for the jury in the instant trial. Bland v. State, 42 Texas Crim. Rep., 286, 59 S. W. Rep., 1119; Vela v. State, 49 Texas Crim. Rep., 588, 95 S. W. Rep., 529; Hipple v. State, 80 Texas Crim. Rep., 531, 191 S. W. Rep., 1150, L. R. A. 1917D, 1141; Rodgers v. State, 91 Texas Crim. Rep., 38, 245 S. W. Rep., 697; Dunn v. State, 92 Texas Crim. Rep., 126, 242 S. W. Rep., 1049. No evidence appears to have been offered upon the issue; if so the record does not show it. There was no request that it be submitted to the jury. Under such circumstances we must presume the action of the court in discharging the former jury, and in declining to consider the plea of jeopardy based thereon was correct.

The court properly refused the special charges brought forward in bills of exception numbers three, four and six. They were clearly upon the weight of the evidence, and not authorized thereby.

Appellant defended on the ground of insanity. The theft is alleged to have occurred on July 9th, 1922. There was introduced in evidence a judgment of the County Court of Dallas County of date September 4th, 1917, adjudging appellant to have been insane at that time. His father, who is a physician, testified that he took appellant to the Insane Asylum at Terrell, but on account of the crowded condition of the institution he could not be admitted; that he took him away under a promise from the superintendent of that institution to admit him whenever he had room. He was never

placed in the asylum. The evidence shows that after this lunacy judgment was entered against him he attended the State University at Austin and lived at different places in the State. His father and another physician testified that in their opinion his state of mind upon the date of the commission of the theft was the same as it had been at the time he was found to be insane by the judgment of the Dallas County Court. To rebut this the State offered evidence of his conversation and conduct with a schoolmate in Mineral Wells on Saturday before the theft of the automobile on Sunday. Appellant appeared in New Orleans with the stolen automobile on the 15th day of July, six days after it was stolen at Mineral Wells. The State also introduced in evidence the conduct and conversation of appellant in New Orleans from the time he arrived there with the stolen car until he was taken into custody by the officers. The learned trial judge seems to have recognized that the judgment of the County Court finding appellant to have been insane in 1917 shifted the burden of proof to the State upon the question of insanity. He did not charge as is ordinarily done where insanity is relied upon as a defense, that the presumption of sanity should be indulged and that the burden was upon accused to establish insanity by a preponderance of the evidence. His charge upon the issue is very concise. He instructed the jury that before they could convict appellant they must believe from the evidence beyond a reasonable doubt that he was guilty of the theft of the car and also that the defendant was sane at the time he took said automobile. In addition thereto a charge from the standpoint of appellant was given, as follows:

"One who is at the time of the commission of the offense of such unsound mind as not to appreciate and know that the thing which he is doing is wrong is not a sane person, and can not be convicted of crime in this state, and if you have a reasonable doubt as to whether or not the defendant was of such unsound mind at the time he took the automobile in question, if he did do so, you will acquit him."

Appellant excepted to the charge and asked some special charges, apparently upon the theory that having introduced the judgment finding appellant to have been insane in 1917, and the evidence of his father and another physician that in their opinion the same state of mind existed at the time of the theft, that insanity had been established and appellant was entitled to a peremptory instruction directing his acquittal on that ground. This is not the law. The evidence of the state made an issue upon that proposition and it was proper that it be submitted to the jury under appropriate instructions. The following special charge upon the issue of insanity was requested and refused.

"The judgment and verdict of the County Court of Dallas County, Texas, which has been introduced in evidence before you finding that the defendant was insane at the time he was tried by said court establishes the fact that he was insane at the time he was tried in said court and raised the presumption that he was insane at the time he is alleged to have taken the automobile of W. F. Wright.

"You are further instructed that the burden of proof is on the state to show by a preponderance of evidence and beyond a reasonable doubt that the defendant was sane at the time he committed the offense, if he did commit the offense, alleged in the indictment.

"You are, therefore, instructed that the defendant *was insane* at the time he is alleged to have committed the offense charged in the indictment and unless you believe from other legal and competent evidence introduced herein that he *was sane* at such time and knew the nature and consequence of his act you will acquit him."

It will be observed from the last paragraph of the requested charge that it is contradictory in terms, is not the law, and the court therefore properly refused it. It is true the learned trial judge did not in so many words tell the jury that the lunacy judgment in 1917 raised the presumption that appellant was insane at the time of the alleged theft, but the effect of his charge was the same as if he had so told them because he plainly charged that they could not convict unless they found from the evidence beyond a reasonable doubt that appellant was sane at the time of such theft. Inspection of the charge as we find it in the record leads us to the conclusion that appellant could have suffered no injury therefrom. In its effect when considered as a whole it follows the law as announced in Barton v. State, 89 Texas Crim. Rep., 387, 230 S. W. Rep., 989; Morse v. State, 68 Texas Crim. Rep., 351, 152 S. W. Rep., 927; Witty v. State, 75 Tex. Crim. Rep..440; Hunt v. State, 33 Texas Crim. Rep., 252, 26 S. W. Rep., 206. It would not have been inappropriate for the court to have specifically told the jury that the burden of proof was upon the State to establish the sanity of appellant at the time of the commission of the alleged theft, but the charge did in substance embrace the idea and we do not believe the omission complained of was calculated to injure the rights of appellant, and therefore, under Article 743, C. C. P. a reversal of the judgment is not called for.

The facts are sufficient to support the conviction and the judgment is affirmed.

*Affirmed.*

October 31, 1923.

. LATTIMORE, JUDGE.—The regularity of proceedings in trial courts is presumed by this court in the absence of a showing to the contrary. When a jury engaged in the trial of one accused of crime fails to agree and is discharged, we must presume in the absence of a showing to the contrary that a judgment of the court was rendered at the time of such discharge and that its recitals present facts which justified the court in such discharge. Woodward v. State, 42 Texas Crim. Rep., 188; Torres v. State, 91 Texas Crim. Rep. 386; Dunn v. State, 92 Texas Crim. Rep., 126; Rogers v. State, 93 Texas Crim. Rep., 1. We are of opinion that the explanation of the learned trial judge appended to the bill of exceptions presenting appellant's complaint of the refusal to submit his plea of jeopardy, in the absence of any controversy or legal objection thereto, must be taken by us as speaking the truth. Same states that the court discharged the jury because they could not .agree, and that further consideration could not bring about any other result, and it is further stated that this conclusion was reached after full investigation into the differences of the jurors. The allegations of the plea of jeopardy, unsupported by any testimony—could not avail or cause this court to hold the explanation of the court below unwarranted.

It was proper for the learned trial judge, when appellant had entered a plea of guilty, if evidence be introduced tending to show him insane at the time of the commission of the offense, to have the plea of guilty withdrawn and a plea of not guilty entered preferably by appellant or his counsel, but if they would not, then by the court for appellant. Taylor y. State, 88 Texas Crim. Rep., 470.

As supporting his contention that we erred in upholding the charge of the trial court on insanity, and the verdict and judgment of guilty herein, which was tantamount to a finding against the claim of insanity, appellant cited originally in his brief Article 39 P. C.; Hunt v. State, 33 Texas Crim Rep. 252; Witty v. State, 75 Texas Crim. Rep., 440, 171 S. W. Rep. 229, and Weige v. State, 81 Texas Crim. Rep., 476, 196 S. W. Rep., 524, and in addition thereto in his motion for rehearing cites Witty v. State, 69 Texas Crim. Rep., 125, 153 S. W. Rep., 1147; Morse v. State, 68 Texas Crim. Rep., 351, 152 S. W. Rep., 928. As applicable here Article 39 P. C. merely declares that no act done in a state of insanity can be punished. In the Hunt case, supra, a judgment was in evidence reciting that the accused had been adjudged insane on a verdict which stated that he had been in that condition for fifteen years and was growing

worse.    Other witnesses in the case also swore to present insanity. The trial court charged the jury, as was done in the case now before us, that in such case the State must prove beyond a reasonable doubt that the accused was sane at the time of the commission of the offense on trial.    This was held proper, the judgment of guilty upheld and the case affirmed in an opinion by Judge Hurt.    A similar charge was given in Witty v. State, 75 Texas Crim. Rep., 440, 171 S. W. Rep., 229, and the case was affirmed.    The Weige case, supra, was reversed for improper argument and we see nothing in same contrary to the conclusion expressed in our original opinion.    Nor do we find anything in Witty v. State, 69 Texas Crim. Rep., 125, 153 S. W. Rep., 1147, contrary thereto.    In Morse's case, supra, a reversal was ordered because the court did not instruct the jury that the burden was on the State where permanent or continuous insanity had been shown.    Reverting to the Hunt case, supra, which was on facts quite similar in this regard to the instant case, we quote from the opinion of the eminent jurists who wrote for the court:

''These observations show that the theory to be determined is a question of fact merely—the condition of defendant's mind when he slew his wife.    Now, if defendant was not permanently insane when he was so declared to be by the judgment, it would not be just to the State to charge the presumption that insanity is presumed to continue.    In short, the presumption has no place in the case— can not be used for any purpose until the whole of the evidence has been introduced; and when this is done, the character of insanity may appear.    It is true, that along with all the evidence bearing upon the question of sanity the judgment should be considered, and the main fact be determined by all the evidence in the case.

Counsel for appellant contend that the verdict is against the evidence, that insanity was shown, and that the jury should have acquitted defendant upon that ground.    We concede that there is very cogent evidence of insanity; but on the other hand the proof of sanity is clearly made.    The letters written by defendant regarding his wife's sickness and death, several days before he killed her, evidence not only sanity but that he was premeditating her death, and was preparing her mother and sister for that event.''

Not being in accord with any of appellant's contentions, his motion for rehearing will be overruled.

*Overruled.*