JOHN L. GREEN v. THE STATE.

No. 14894.   Delivered May 18, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 390.

The opinion states the case.

*C. L. Patterson* and *Paul W. Evans,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

We find in the record a supplemental transcript which brings to bear on this case, light which we did not have when we wrote herein originally, and the original opinion is withdrawn and the following is substituted.

Appellant was without counsel, and, this being a capital case, the trial court appointed counsel to defend him, and is to be commended for his appointment of an able and experienced attorney. The record shows that after investigating the case, consulting with appellant's father and mother, and obtaining appellant's version of the killing, it was the advice of said counsel and of the father and mother that appellant plead guilty, which was accordingly done; the record further exhibiting the fact that before

the acceptance of said plea the trial court made known to appellant the consequences of such plea, and that it might mean a death penalty or confinement in the penitentiary for life; also that the trial court satisfied himself that appellant was sane, and not induced to enter such plea by either fear, persuasion, or delusive hope of pardon.

On the facts the case seems one in which a man who lived alone was called to his door in the nighttime, lured out by a falsehood, and brutally murdered by this appellant and another whose only object apparently was to get the property of deceased. Both in his confession, and while a witness in the case, appellant said he struck deceased on the head with an iron bar, and that his companion struck deceased at the same time with a stick. Appellant testified,—more than once,—that, when he struck deceased with said iron bar, deceased dropped. After taking from the pockets of deceased his watch and some money, the two accused took the body in the car of deceased some mile or two distant and concealed it in some weeds near a negro school house where it was later found. The skull was crushed. We note that Dr. Woods testified to a fracture of the skull over the left ear, and that appellant, while on the witness stand, said: "I hit him on the side of the head." That the motive was robbery, seems practically without dispute. There is no substantial claim of self-defense. The verdict and judgment were supported and justified.

Appellant in his motion for new trial urged that because he repudiated his written confession, and testified that deceased was "cussing and raising sand," when they hit him, therefore the trial court should have had the plea of guilty changed to a plea of not guilty. We are cited to no case, and know of none, which seems to require such course on facts like these. In the cases of Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W., 679, and Yantis v. State, 95 Texas Crim. Rep., 541, 255 S. W., 180, we discussed the propriety of the withdrawal of a plea of guilty when the testimony raised the issue of the insanity of the accused, the reason for such holding being apparent. No man mentally unsound should be foreclosed and held capable of comprehending the result of a plea of guilty and tried as upon such plea. In the instant case there is nothing showing the facts, if any, heard by the court in connection with the presentation of the motion for new trial, and it is not urged that any evidence raised the issue of appellant's insanity, and we see no reason for believing that the court should have withdrawn the plea of guilty and had entered a plea of not guilty.

As originally brought here, the record contained no statement of facts, a condition extremely obnoxious to this court, and one which we earnestly hope will be remedied when the legislature meets by the passage of a law requiring that in all cases where the death penalty has been assessed, a statement of the facts must be prepared and sent here, if the case be appealed. The taking of human life as punishment for any crime is.

serious, and the appellate court, called on to review and sanction same, ought to be afforded an opportunity to inspect the facts upon which death is deemed deserved. When, upon our own request, the statement of facts in this case was filed and sent, the ninety days allowed for filing statements of fact (see article 760, C. C. P.,) had expired. This court has always held that when failure to have bills of exception and statement of facts filed within the time allowed by statute does not appear due to the fault or laches of the accused or his attorney, same may be considered; also when the defense is conducted by an attorney appointed by the court, and especially when, as in this case, the accused was a minor and without money, special consideration seems to be favored by the statute, and we feel justified in holding this a case wherein we ought to consider the statement of facts. Such statement of facts is now on file in the office of the clerk of this court, but there is also on file a supplemental transcript,—itself filed after the date on which it should have been filed. The facts developed on the trial when considered, seem sufficient to justify the jury's verdict. We feel impelled in justice to the state, and in all fairness, to consider the supplemental transcript, if we consider the ment of facts filed within the time allowed by statute does not appear that after appellant had taken the stand and denied the voluntary character of his confession, and had asserted that he was advised by his parents and attorney to plead guilty, the trial court asked appellant's attorney if he desired to withdraw the plea of guilty and enter one of not guilty, and was assured by said attorney that he did not desire so to do. Again, when the evidence was in, the court asked said attorney if he wished the jury charged as upon a plea of guilty, or not guilty, and was again told that he desired the case to proceed as upon a plea of guilty. The matters appearing in the supplemental transcript could properly have been brought forward as qualifications to bills of exceptions had any been taken on the trial, or as part of the statement of facts heard on the motion for new trial, had same been preserved. We do not feel at all willing to concede to appellant the right to have his statement of facts considered and to deny to the state the right to have its supplemental transcript also considered.

Upon the record before us we find no error committed for which reversal should be had. The judgment reversing this case is set aside, the opinion so ordering is withdrawn, and the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains that the certificate of the trial judge contained in what is denominated a supplemental transcript has no place in the record. It is manifest from our original opinion that we ordinarily would not have felt called upon to consider either the state-

ment of facts or the contents of the supplemental transcript, but we felt that in fairness to both the state and appellant we should not consider one without also considering the other. Having done this, the conclusion was reached that the judgment should be affirmed. If we had followed the ordinary course and consider neither, then an affirmance in the absence of a statement of facts would have been demanded. The same result, in so far as appellant is concerned, would have been reached in either event.

The motion for rehearing is overruled.

*Overruled.*