### CHESTER BRITTON v. THE STATE.

No. 16676. Delivered April 11, 1934.

The opinion states the case.

*Wilchar & Wilchar,* of El Paso, for appellant.

*Roy Jackson,* Dist. Atty., of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

There is but one error assigned, which we deem it necessary to discuss.

Appellant filed a plea of former jeopardy, setting up that at a former time he was placed upon trial on the same charge, and that after trial had begun, and his plea entered and evidence heard, the court discharged the jury, over appellant's objection, upon information from some source that the wife of one of the jurors had died; that the court heard no evidence on the question as to whether the wife of the juror was dead, and made no judicial finding thereon; that the juror was not consulted before the jury was discharged. It is unnecessary to set out the further allegations of the plea. The court entered an order overruling the plea which is as follows:

"Be it remembered that on the 5th day of December, A. D. 1933, the defendant having presented to the court in writing a plea of former jeopardy, the Court did upon its own motion, without an application of the District Attorney therefor, over-rule defendant's plea of former jeopardy and refused to present same to the jury and to permit the jury to hear evidence thereon, to which the defendant then and there in open court excepted."

Appellant brings forward his bill of exception No. 13, wherein it is shown that he excepted to the action of the court in refusing to permit him to read his plea of jeopardy to the jury and introduce before the jury proof thereon.

The plea appears to be in proper form. It raised a question of fact. Under the circumstances, the action of the court constitutes reversible error. In Chadwick v. State, 216 S. W., 397, the plea of former jeopardy set up in effect that at a former time Chadwick had been placed upon trial on the same charge, and

that after the trial had begun, and his plea entered and evidence heard, one of the jurors failed to appear on the assembling of the court, and that a deputy sheriff was sent for said juror; that said deputy sheriff came back, bringing word that said juror was sick and could not come; that the court then swore said deputy sheriff, who stated, over the objection of. Chadwick, based upon his lack of qualification, that said juror had a fever, and could not come to court; that over the objection of Chadwick the jury were discharged. The trial court overruled the plea and refused to permit evidence to be introduced in support thereof. In reversing the judgment this court, speaking through Judge Lattimore, used language as follows:

"Under the authority of Bland v. State, 42 Texas Crim. Rep., 286, 59, S. W., 1119, this action of the trial court was erroneous. The plea raised a question of fact; and, while the burden was on appellant to show an abuse of the court's discretion in the original discharge of the jury, still he had the right to assume said burden in a case of this kind, and to show by facts, if possible, that the court erred originally in discharging the jury, and, if he was not satisfied with the court's ruling upon the facts presented in support of his plea of jeopardy, he had the right to bring the matter to this court for review."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.