## MARY WEST v. THE STATE.

No. 19597.   Delivered April 13, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Raymond, Algee & Alvarado,* of Laredo, *Johnson & Long,* of Carrizo Springs, *Robert L. Bobbitt,* of San Antonio, *J. L. Goggans,* of Dallas, for appellant.

*Ditzler H. Jones,* Special Prosecutor, of Uvalde, *R. A. Taylor, Jr.,* County Attorney, of Crystal City, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with a violation of the election laws, and a fine assessed against her of $100.00.

The facts indicate that on April 3, 1937, an election was held in precinct No. 1 of Zavala County, in the town of Batesville, to elect one local school trustee, and one county school trustee, the election resulting in a tie vote of 56 each for two candidates for local trustee. There seemed to be some bitterness attending this local election, and appellant was convicted under Article 233 of the Penal Code.

It seems that at the term in which appellant was tried, and after conviction and the overruling of her motion for a new trial, she gave notice of appeal, which notice was entered on the judge's trial docket, and at such time she entered into a proper recognizance, and was enlarged upon bail. It afterwards developed that neither the notice of appeal nor the recognizance was passed into the minutes of the court. Upon proper motion,

however, after the adjournment of the term of the court, the trial court entered its order nunc pro tunc, showing the proper notice of appeal in its minutes, and appellant thereafter entered into a proper bail bond as provided by statute. The county attorney and special prosecutor while recognizing appellant's right to cause the trial court's minutes to speak the truth by entering up the order giving notice of an appeal nunc pro tunc, nevertheless they say that the recognizance, which was given at the same time the notice of appeal was given, and not entered on the minutes, precludes the appellant from giving an appeal bond, as provided by Article 830, C. C. P. This contention seems to us to be unsound. If the appellant entered into her recognizance at the term of court at which she was convicted, but in which term no notice of appeal appeared from the record, such recognizance was a nullity. If not a nullity, then she has a good recognizance. If a nullity, then as provided by Article 830, C. C. P., she had a right to enter into an appeal bond after the nunc pro tunc order had been herein entered of record, showing her notice of appeal. Appellant gave a sufficient bail bond, and we will consider her appeal.

She first complains of the trial court's overruling her plea of former jeopardy herein, and refusing to submit the matter to the jury. Her plea seems to be in proper form, and she alleges therein that on the 17th day of May, 1937, she was put upon her trial in Cause No. 471, in this same county court, which had jurisdiction thereof, upon an indictment of a grand jury charging her with the identical offense that she is herein charged with, that is the instigating of Pedro Rodriquez to vote illegally at an election for certain school trustees held in Batesville, Texas, on April 3, 1937, setting out such indictment therein, and that a jury was impaneled and sworn, the indictment read to the jury, and that she pleaded not guilty thereto; that thereupon the county attorney of such county, without assigning any reason therefor, and over her objection, moved the court to dismiss said indictment, which was done over her objection, and she said, therefore, that she had been once placed in jeopardy for this herein charged offense, which plea was properly sworn to by appellant.

The county attorney answered in writing, stating that such dismissal was had before any jury had been impaneled, and before appellant pleaded to the indictment, and that appellant had never been placed in jeopardy relative to this charged offense.

The court entered its order in part as follows: " * * * and the court after having been apprised of the filing of said plea and the answer of the State of Texas, and without having heard

any evidence thereon, is of the opinion that the same should in all things be overruled \* \* \*."

It will appear therefrom that the court heard no evidence on such plea, but peremptorily overruled the same, possibly under the doctrine that the court judicially knew the proceedings had in his own court. This plea of former jeopardy presented questions of fact that should have been determined by a jury, and if true, the appellant should have been acquitted thereon. The jury having been called, it was their duty to pass on these facts, and the duty of the court to submit such matter to the jury under appropriate instructions. Such was not done, but the court, without hearing evidence thereon, determined such facts. This was error. In the event of a further trial, this plea should be submitted to the jury, and, if found to be true, appellant should be discharged. In Britton v. State, 70 S. W. (2d) 434, we said:

"Under the authority of Bland v. State, 42 Texas Crim. Rep. 286, 59 S. W. 1119, this action of the trial court was erroneous. The plea raised a question of fact; and, while the burden was on appellant to show an abuse of the court's discretion in the original discharge of the jury, still he had the right to assume said burden in a case of this kind, and to show by facts, if possible, that the court erred originally in discharging the jury, and, if he was not satisfied with the court's ruling upon the facts presented in support of his plea of jeopardy, he had the right to bring the matter to this Court for review."

We also find in the objections to the court's charge, that the appellant objected to the same because the court should have charged the jury that the witness Pedro Rodriquez was an accomplice, and that it was necessary that his testimony relative to the statements, aid and advice given to him by the appellant should have been corroborated. If the State contended that Rodriquez was an illegal voter, then it seems to us that his testimony would fall under the classification of an accomplice, and should have been corroborated. The appellant offered a charge relative to this phase of the case, which was refused by the trial court. A charge embodying this question, at least as to whether or not the witness was an accomplice, should have been submitted to the jury under appropriate instructions.

Appellant complains of the trial court's failure to give her requested instruction No. 7, setting forth, in substance, that the question of one's residence for voting purposes depends to some extent upon one's intention, and all the surrounding facts and circumstances of each particular case, and that the jury

should determine such question therefrom when attempting to fix guilty knowledge upon appellant. The court charged the bare statute relative to such residence, which fixes the residence of a married man where his wife resides. Rev. St. 1925, Art. 2958. In 16 Tex. Jur., Sec. 37, page 46, we find: "But no matter how families may be situated, they are not held to have abandoned their residences in a given community merely because the husband or wife or both temporarily absent themselves on account of their own health, or that of their children, or to serve the government, or because their trade or business or profession takes them elsewhere for varying periods of time." Some such an enlargement of the bare statute should have been embodied in the court's charge herein.

The matter complained of in bill No. 8 should doubtless not arise upon another trial hereof. We do not think the charge therein complained of should have been given under the peculiar facts of this case, and the same thing may be said of bill of exceptions No. 9.

We confess that the facts in this case have given us much concern, and we are inclined to the belief that they are not sufficient to support the verdict of the jury as they now stand.

It is shown that this Mexican, Pedro Rodriquez, was a common laborer, with a wife, two children, some little furniture and an old truck; that he took his family with him as he obtained jobs at different places on ranches throughout the county. That he had been working for appellant's father for a few years, and for others also. That whenever his jobs would play out, he would return to Batesville; that he got his mail there; that he paid his poll tax since 1933, always giving Batesville as his residence; that he gave the same residence when registering his automobile; that his mail came to Batesville; that he testified: "That I was born in Batesville, and when I quit working at any place, I go back to Batesville. * * * She [appellant] just told me that I could vote if I had been living in Batesville on the farm." "Didn't you just say that she told you you could vote in Batesville because you lived in Batesville, and every time you left the ranch you came back to Batesville? Yes sir, I buy my groceries in Batesville, and when I am off from work, I go back to Batesville." "I carry my furniture with me to the various places I go to work, and when I am discharged or quit working at any place, I bring my furniture back to Batesville." "The house that I lived in at the Zachman ranch was not my house. I occupied that house during the time that I was working for Mr. West, and I was furnished a house at any other place that

I was working. I do not consider that my house. When I quit work or am discharged, I go out of that house and leave that house, and go somewhere else. I would go back to Batesville until I got work. When I left the Zachman ranch I moved my family to Batesville."

This is the testimony of the State's own witness upon whom it must rely to show that the appellant knowingly and wilfully procured, aided and advised this man to vote in Batesville, when she knew that he had no legal right to vote there. Under the circumstances above detailed, and the testimony above quoted, we are unable to see what other kind of advice she could have given him. It seems to us that appellant gave the witness the proper advice, and under the facts herein, she should not have been found guilty of a criminal offense against our laws. We deem the facts insufficient to support a conviction herein, and the trial court should have given appellant's requested peremptory instruction.

For the reasons herein discussed, this judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—The record has been carefully re-examined in the light of the State's motion for rehearing. We deem it unnecessary to further detail the testimony adduced upon the trial. We find nothing in the motion which has led us to believe that the disposition made of the appeal in the original opinion was erroneous.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.