**Rene RODRIGUEZ and Efrain Miranda, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 43360.**

Court of Criminal Appeals of Texas.

March 3, 1971.

Rehearing Denied June 2, 1971.

———◆———

Ewers Toothaker Ewers, Abbott, Evins & Talbot by Joe B. Evins, McAllen, for appellants.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, as to appellant Rodriguez, fifteen (15) years, as to appellant Miranda, ten (10) years.

A recitation of the facts will not be necessary other than to observe that prior to trial, appellants filed a plea of former jeopardy. At trial, they sought to read to the jury their written pleadings which set up the defense of former jeopardy, but the court sustained the State's objection and they were not permitted to read the same or to introduce evidence in support thereof.

Appellants were entitled under Article 30, Section 3, V.A.P.C., under the double jeopardy clause of the Fifth Amendment to the Constitution of the United States and under Article I, Section 10 of the Texas Constitution, Vernon's Ann.St. to present whatever evidence was available in order to establish their plea of former jeopardy. In failing to permit them to do so, the trial court erred.

This Court has held that the defense of former jeopardy is a question for the jury's resolution when a fact issue is raised, as it was in the pre-trial hearing in this case. Britton v. State, 126 Tex.Cr.R. 102, 70 S.W. 2d 434. The trial court incorrectly construed our opinion in Ex parte Miranda, Tex.Cr.App., 415 S.W.2d 413. In failing to respond to appellants' request to offer evidence on the issue of former jeopardy, the court committed reversible error.

For the error pointed out, the judgment is reversed and the cause is remanded.