**Armando Gonzalez MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62056.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 15, 1982.

Neil Siegel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary; the punishment, enhanced by a prior felony conviction, is imprisonment for fifteen years.

We overrule the appellant's contention that the evidence is insufficient to sustain his conviction; but we find that another ground of error requires reversal of the judgment. The appellant asserts, and we agree, that it was error not to allow him to present evidence to the jury to support his plea of former jeopardy which raised fact issues for the jury to determine.

Article 36.13, V.A.C.C.P. provides:

"After cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree."

Prior to trial the appellant filed a sworn plea of former jeopardy alleging that he had theretofor been tried for the same offense on the same indictment and after a

jury had failed to reach a verdict it was discharged over his objection. He further alleges that the jury was discharged before it had been kept together for such time as to render it altogether improbable that it could agree on a verdict.

"It is the general rule in this state, well supported by authority, that a plea of jeopardy, being sufficient in law, raises an issue of fact which should be submitted to the jury for its determination."

*Dunn v. State,* 92 Tex.Cr.R. 126, 242 S.W. 1049 (1922); *Cloninger v. State,* 101 Tex. Cr.R. 1, 274 S.W. 596 (1925); *Hipple v. State,* 80 Tex.Cr.R. 531, 191 S.W. 1150 (1917); *Bland v. State,* 42 Tex.Cr.R. 286, 59 S.W. 1119 (1900); *Vela v. State,* 49 Tex. Cr.R. 588, 95 S.W. 529 (1906); *Rodgers v. State,* 93 Tex.Cr.R. 1, 245 S.W. 697 (1922); *Chadwick v. State,* 86 Tex.Cr.R. 269, 216 S.W. 397 (1919); *Rodriguez v. State,* 466 S.W.2d 788 (Tex.Cr.App.1971).

Whether the court discharged the former jury prematurely for inability to agree and reach a verdict is a question of fact which, if properly presented and not waived, must be submitted to the jury on a plea of former jeopardy. *Yantis v. State,* 95 Tex.Cr.R. 541, 255 S.W. 180 (1923); *Villarreal v. State,* 172 Tex.Cr.R. 213, 355 S.W.2d 516 (1962); *Green v. State,* 167 Tex.Cr.R. 330, 320 S.W.2d 139 (1958).

The court refused to allow the appellant to offer to the jury evidence in support of his plea of jeopardy, but did allow him to make a bill of exceptions. For the bill, the appellant offered the testimony of two jurors who served on the first jury. They testified that if the jury had not been discharged it could have reached agreement and rendered a verdict. Although the state may have offered controverting testimony, this evidence is sufficient to raise an issue which should have been submitted to the jury for it to determine whether or not the first jury was prematurely discharged before it could reach agreement and rendered a verdict. The refusal to allow the appellant to offer evidence to the jury to support the fact issue raised by his plea of jeopardy was error.

The judgment is reversed and the cause is remanded to the trial court.