### THOMAS J. SHIELDS v. THE STATE.

No. 1591. Decided October 27, 1897.

**1. Local Option—Order for Election.**

- The law provides for the submission of but one issue in a local option election, that is "For Prohibition" and "Against Prohibition;" and it is not required that the order for election should contain the statutory exceptions with regard to the sales of liquor for sacramental and medicinal purposes. The exception is no part of the question to be voted on, but follows as a matter of law.

**2. Same—Posting Notices of the Election—Burden of Proof.**

Under provision of article 3390, Revised Statutes, the order of the commissioners court prohibiting the sale after the result of the election has been ascertained, is prima facie evidence that all the provisions of the law have been complied with, and the burden of proof rests upon the accused to show, if he so insists, that notices of the election were not posted as required by law. If the evidence introduced by him is not reasonably sufficient to show that the notices were not posted, it is not error for the court to assume and charge the jury that local option is in effect from the date of the order putting it in effect, and it is not error to refuse to submit to the jury the question as to whether it was legally in effect or not.

**3. Same.**

Under the statute, article 3390, Revised Statutes, declaring what would be a prima facie case, the burden of proof being shifted from the State to the defendant, he must introduce evidence reasonably tending to establish the fact that the notices were not posted; and something more than mere negative and unsatisfactory proof should be offered by him before the court would be required to charge upon it as an issue.

**4. Same.**

Article 3387, Revised Statutes, which requires that five notices of a local option election must be posted in the territory to be affected, is independent of the acts of the Twenty-second Legislature, p. 13, regulating special elections, which require that notices must be posted in each voting precinct in the county.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. THOMPSON, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The opinion sufficiently states the points discussed, and they need no further illustration from the record.

*Word, Dillard & Word,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail; hence this appeal.

Appellant, in his first bill of exceptions, contends that the local option election was void, because the order authorizing said election did not contain the exceptions in favor of the sale of intoxicating liquors and wines for medicinal and sacramental purposes. This was no essential part of the order for said election. Indeed, the law provides for the submission of but one issue to the people—that is, "For prohibition" and "Against prohibition;" and this is in accordance with the provision of the Constitution on the subject. The exception is statutory, and is not found in the same article of the law authorizing the submission of the question to be voted upon by the people. The exception is no part of the question to be voted on, but follows as a matter of law. See Chapman v. State, 37 Texas Crim. Rep., 167.

Appellant also contends that the court acted erroneously in charging the jury to the effect that local option had gone into effect in Bosque County from the date of the order of the court putting it into effect, and was in effect at the time the sale is alleged to have occurred; and in this connection he also insists that the court erred in not submitting to the jury a charge asked by him, in effect, instructing them that, unless they found that the five notices required by the statute had been issued and posted up at five public places in the county, to acquit the defendant. His insistence is that he adduced proof tending to show that the five notices had not been posted, and that, therefore, it was a question for the jury. Article 3390, Revised Statutes 1895, provides, in substance, that when the polls are opened and counted by the commissioners court, and the result of the election is in favor of prohibition, they shall make an order prohibiting the sale of whisky in the territory affected, and the order thus made shall be held to be prima facie evidence that all of the provisions of law were complied with, including giving notice of holding said election. We have held, in construing this article, that the burden of proof rests upon the accused to establish the fact that the notices were not posted as required by law. See Chapman v. State, 37 Texas Crim. Rep., 167; Bowman v. State, ante, p. 14.

The question now presented for our consideration is, did appellant introduce testimony reasonably tending to show that the notices were not posted? If there was such testimony, then the court should have submitted the question to the jury. If not, there was no error in instructing the jury that local option was in force, etc., nor was there any error in refusing to give the charge requested by appellant. What, then, was the testimony in support of this attack upon the legality of the election? Appellant proved by the clerk that the proper number (to wit, five) of notices were issued, and that he delivered them, either to the sheriff, Metcalf, or the deputy, Boyd, to be posted. Metcalf had no recollection of having received them, but if he did receive said notices, he mailed them to the constables of the county; and he subsequently stated that, if he posted either of said notices, it was the one at the courthouse door. Boyd, the deputy sheriff, had no recollection of having received the notices, but swears that he saw two notices posted—one at the court-

house door and one at Clifton. He does not know whether the balance were posted or not. Recurring to the sheriff's testimony, as stated before, he states that, if he received said notices he delivered them to the constables of the county to post. The constables were not introduced as witnesses. Every word sworn by the witnesses for the appellant on this issue may be true and still the required number of notices could have been posted. The proper number were issued, two were seen posted, and in regard to the other notices the witnesses had no knowledge. We are of opinion that this proof attacking the posting of the notices is so flimsy and uncertain that no reasonable man would have concluded that the notices were not posted, and hence the judge, in his charge, did not err in assuming that the local option law was in force. If the clerk had not issued the five notices, that would have been evidence that they were not posted. If proof had been made that the sheriff or his deputy had received the five notices to be posted, but had not done so and that they had not given them to anyone else to post, this would be proof requiring the court to submit the issue. The fact being that the law, in its present condition, makes the order prima facie evidence of the fact that all of the preliminary steps had been taken, such as posting notices, etc., then to authorize an accused person to attack this order, and to overturn the prima facie case made by the State by proof that the notices were not in fact posted as the law requires (at any subsequent time, no matter how long after the election), would seem to require that something more than mere negative and unsatisfactory proof should be offered in support of the issue, before the court would be required to charge upon it. The burden of proof being shifted from the State to the appellant, he must introduce evidence which tends reasonably to establish the fact that the notices were not posted; and proof that the sheriff or his deputy did not have any recollection of the matter, or did not post the notices themselves, is not sufficient. It must tend to preclude the idea that anyone else did it.

It is contended by appellant that the notices of the election must be posted in each voting precinct in the county, and he refers us to the Acts of the Twenty-second Legislature (page 13) regulating special elections. This act has no reference to local option elections. We have a special provision in regard to local option elections, which is that the five notices must be issued and posted in the territory to be affected. See article 3387, Rev. Stats. 1895. We hold that these two statutes are independent of each other; that the statute of 1891 was made to regulate special elections generally, with reference to notice, while local option elections are regulated by the statute passed for that purpose.

There is no question in this case as to the sale of the liquor, and having disposed of the only assignments of error that raise any material questions, we conclude that the judgment should be affirmed, and it is accordingly affirmed.

*Affirmed.*