HENDERSON, Judge.
 

 Appellant sued out a writ of habeas corpus. The case was tried in the court below, and appellant remanded to custody. The questions here presented simply involve the validity of the local option election in Precinct No. 5 of Coleman County.
 

 Appellant claims that the county judge did not issue any writ of election for a local option election in said precinct, and that, consequently, said election was invalid.- We are referred to the general election law as authority for this requirement. Article 1724,- Revised Statutes 1895, applicable to general elections, requires the county judge or commissioners court ordering elections to issue writs of election, and said section indicates what said writ shall contain. It is insisted that this article of the Revised Statutes is applicable to local option elections. The record in this case shows that no such writ as that contemplated in the article above referred to was ever issued. The clerk of the County Court of Coleman County only issued six copies of the order for the election, and delivered them to the sheriff to be posted. These orders stated fully the question to be voted upon, the day of election, and the officers who were required to hold said election. Concede, however, that a writ for the election should have been issued, and certainly this would have been more regular; yet the failure to issue same would not render the election void. Ex Parte Williams, 35 Texas Crim. Rep., 75.
 

 It is also insisted that the record in this case fails to show that said notices were posted the necessary twelve days prior to the election. In Shields v. State (decided at the present term of this court), ante, p. 252, we held that the order declaring the result, and putting local option in force, was prima facie evidence of all the preliminary steps having been taken prior to the issuance of said order. In this case the defendant not only failed to successfully assail the posting of said notices, as he is required to do, but the State showed affirmatively that said notices were posted.
 

 
 *291
 
 Appellant’s contention that no election was held at Cotton schoolhouse, one of the voting precincts, is immaterial. It was optional with them to hold the election. It appears from the record that they considered the matter of holding said election, and decided not to do so, as the other voting box was more interested in the result than they were, and they were willing to leave the matter to the voters of that box. We see no harm in this. We hold that the election in said justice precinct was a valid and legal election.
 

 The judgment of the lower court is accordingly affirmed.
 

 Affirmed.
 

 Hurt, Presiding Judge, absent. •