## GEORGE S. USHER v. THE STATE.

### No. 2199. Decided January 30, 1901.

**1. Former Jeopardy—Discharge of Jury—Constitutional Law.**

The statute authorizing the court to discharge a jury after they have been together considering of their verdict such a length of time as to render it altogether improbable that they could agree is constitutional.

**2. Same—Practice.**

See facts stated in the opinion upon which it is held that the court should have heard proof as to the allegations contained in defendant's plea of former jeopardy, and erred in striking out said plea without hearing the evidence.

**3. Bill of Exceptions to Admitted Evidence—Sufficiency of.**

On a trial for forgery, where a certain postal card with appellant's name signed thereto was introduced in evidence over defendant's objection, a bill of exceptions which, after setting out the postal card, says that "defendant objected on the ground that the execution of the same had not been proven," is insufficient in that it does not disclose the circumstances under which the court admitted the said postal card in evidence.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

In view of the disposition of the appeal, as shown by the opinion, a statement of the facts adduced in evidence is not required.

*Sam H. Clayton,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General. for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary, and he prosecutes this appeal.

Besides his plea of not guilty, appellant set up former jeopardy. Said plea alleges, substantially, that appellant was put on trial at a former term of the court, and that, after the introduction of the evidence, argument of counsel, and charge of the court, the jury retired to consider their verdict, and on the next day, about 6:30 p. m., returned into court, and stated they could not agree. The court asked them if their disagreement was upon matters of law or of facts, and they stated it was upon the facts, and the court thereupon asked them as to how they were divided as to numbers, and they replied, "Nine to three." Thereupon the county attorney stated he was willing for the jury to be discharged, and consented thereto, and defendant objected. The court further asked the foreman of the jury if there was any possibility of them agreeing on a verdict, and the foreman stated there was not. Thereupon the court, without the consent of defendant, discharged the jury from further consideration of the case. It is further shown that the jury, on the day of their retirement, to wit, May 11, 1900, after deliberating several hours on their verdict, requested the court to give further instructions; that on May 12, 1900, the succeeding day, the Democratic convention was held in the courthouse, and for a long space of time, and almost during the entire session, which began about 10 o'clock a. m., and did not conclude until about 6:30 or afterwards, and was still in session when the jury was discharged; and, in order to discharge said jury, the court ordered them to report downstairs in the county court room, where the discharge aforesaid took place. And appellant, therefore, alleges that the jury were not given time to deliberate upon this case, and that in the manner and form aforesaid he was placed in jeopardy, etc. On motion of the county attorney, the plea of former jeopardy was stricken out, and this action of the court is assigned as error, appellant insisting that the plea of former jeopardy was sufficient in form, and that it was the duty of the court to hear evidence thereon, and to have submitted the same to the jury, and it was their province to find whether or not said plea was true. He also urges a constitutional question; that is, a jury having been impaneled and sworn to try defendant, and he having entered his plea of not guilty, he was thereby placed in jeopardy, and the statute authorizing the court to discharge the jury after they had been together considering the case such length of time as to render it altogether improbable that they could agree upon a verdict is unconstitutional. As we understand the decisions of the courts of this State, this constitutional question has been settled adversely to the contention of appellant, and we will not enter into a discussion of the same. See authorities cited in subdiv. 7, art. 9, White's Ann. Code Crim. Proc.

With reference to the first proposition, while it is held that it is within the discretion of the court to discharge the jury where they have been kept together such time as to render it altogether improbable

that they can agree, it is also held that this is a judicial discretion, subject to review by this court. Powell v. State, 17 Texas Crim. App., 345; Hooper v. State (Texas Crim. App.), 42 S. W. Rep., 398; and authorities cited under art. 739, White's Ann. Code Crim. Proc. It is a general rule that former jeopardy is set up by a special plea alleging the facts assumed to constitute it. See art. 561, Id. And in such case the jury must pass on such special plea, and find whether or not the same is true. Art. 750, Id.; Woodward v. State (Texas Crim. App.), 58 S. W. Rep., 135; Smith v. State, 18 Texas Crim. App., 329; Shubert v. State, 21 Texas Crim. App., 551; Burks v. State, 24 Texas Crim. App., 326; Munch v. State, 25 Texas Crim. App., 30. But it has been held that, where the plea fails to set up a legal jeopardy, it is competent for the court to strike the same out. See authorities cited in sec. 535, White's Ann. Code Crim. Proc. In Varnes v. State, 20 Texas Criminal Appeals, 107, under a plea of former jeopardy, it was proven that on the former trial the jury retired to consider of their verdict at 11:30 o'clock a. m., and at 5:30 o'clock p. m. of the same day they returned into court, and stated they could not agree; their disagreement being entirely upon the weight of the evidence. Defendant objected to their discharge, and they were sent back by the court, and kept until the next morning at 8 o'clock a. m., and they again came into court, and announced it was altogether improbable that they could agree; that they fully understood the law, but could not agree upon the facts, and it was impossible for them to agree. They were then discharged by the court, over the objections of defendant. Under this state of facts, the trial court instructed the jury to find defendant's plea of former jeopardy untrue, and this was assigned as error. The court held it was not error; that, from the statement of the case, it did not appear that the trial court had abused its discretion. This case is somewhat different from that, as appears from the allegations of the plea. Here, although the jury were kept together for a longer time, we are not informed accurately when they retired to consider of their verdict on the 11th day of May; and on the 12th it is said the Democratic convention was in session in the court house, during the time the jury were sitting, from 10 o'clock a. m. until 6:30 p. m., and that they had to be brought down into a room of the lower story in order to be discharged. Although we are not definitely informed they were permitted to remain in the court room during the sitting of the convention, yet that is suggested. If so, evidently they were not considering of their verdict during the time. There is enough in the plea, however, to have authorized this proof. There is also enough in the plea to suggest that they may have considered of their verdict but a short time on the 11th. In our opinion, the court should have heard proof under the special plea as to these matters. It may be, had the facts been fully presented, the court would have been authorized to have instructed the jury, as was done in the Varnes case, supra. At any rate, the facts provable under the plea could have been embodied in the record for our revision. We do not believe the court

was authorized to strike out the plea of former jeopardy, or to refuse to hear evidence thereon.

Appellant also complains that the court improperly admitted in evidence a certain postal card introduced by the State, with the name of appellant signed thereto. It is insisted there is no proof of the execution of this postal card by appellant, and that it could not be used as evidence against him. An examination of appellant's bill of exceptions on this subject does not disclose the circumstances under which the court admitted the said postal card in evidence. After setting out the postal card, it says: "Defendant objected on the grounds that the execution of the same had not been proven." This is not a sufficient bill. A reference to the statement of facts shows that the said postal card was received through the mails by the wife of Cowan, the payee of the note, after the death of her husband. The postal card itself evidently related to the note given by appellant and bore his signature. In addition to this, it is claimed by the State that the jury had before them a standard of comparison, to wit, the alleged forged note, which bore the signature of appellant thereto. It is claimed, however, by appellant that the signature of appellant to this note was not admitted to be genuine, so as to afford the basis of comparison; the rule being that the instrument, in order to be considered a basis of comparison, must bear the undisputed signature of appellant, or must have been proven to be such by clear and strong evidence. See 2 McClain, Crim. Law, sec. 806; Rice, Crim. Ev., sec. 496. We do not deem it necessary to pass on this question, inasmuch as the bill is not sufficient, as stated before, and on another trial the proof adduced on this issue may be made stronger. The judgment, however, is reversed because of the action of the court in striking out the plea of former jeopardy, as heretofore discussed. Reversed and remanded.

*Reversed and remanded.*