## CAIN, County Atty., v. FARRIS et al.

### No. 4533.

Court of Civil Appeals of Texas. Beaumont.
May 20, 1948.

Rehearing Denied June 16, 1948.

Llewellyn & Dougharty, of Liberty, for appellant.

Bill Daniel and Preston Johnson, both of Liberty, for appellees.

MURRAY, Justice.

This is an appeal from the judgment of the district court of Liberty County in an election contest of a county wide local option election held on January 3, 1948.

On January 12, 1948, the Commissioners' Court canvassed the returns of the contested election and declared the result thereof to be "against prohibiting the sale of all alcoholic beverages". Notice of contest, statement of grounds and petition were filed in the district court by contestants, appellees here, on January 29, 1948, and contestee, appellant here, filed his reply and answer thereto on February 7th, 1948. The case was set for trial on February 19th, and after appellant's motion for postponement was overruled, the case was tried on February 19th.

Upon the trial, the evidence showed conclusively that the election officials for one voting box by mistake had tabulated the results at that box incorrectly. As tabulated by them and as canvassed and declared by the Commissioners' Court, the vote in that box was 70 votes for prohibiting the sale of all alcoholic beverages and 108 against prohibiting such sale. When the votes were counted upon the trial, it was found that the correct count of such votes in that box was just the opposite, that is, 108 votes for prohibiting the sale of all alcoholic beverages and 70 votes against prohibiting the sale of all alcoholic beverages. With the change in the result of the election in that one box, the total number of votes in the county for prohibiting the sale of all alcoholic beverages was larger than the total number of votes cast against prohibiting such sale and the trial court entered judgment for the contestants.

The contestee's first point is that the trial court erred in rendering judgment for contestants, there being no evidence before the court of the giving of notice of contest as required by Article 3042, and the service of such notice as provided by Articles 3044 and 3070, R.S.1925, proof of such matters being required to a showing of jurisdiction of said court. An examination of the transcript in the instant case reveals that appellees filed with the district court of Liberty County their "Notice of Contest of Election and Statement of Grounds" on January 29, 1948; that appellant filed with the district clerk his "Reply to the Notice and Petition of Contestants" on February 7, 1948; that such reply so filed contains the following in its opening paragraph: "Now comes Clarence D. Cain, County Attorney of Liberty County, State of Texas, contestee in the above entitled and numbered Cause, and files this his reply to the notice of contest and petition heretofore filed herein and served on him, and for such reply says". From the Statement of Facts it is established that January 12, 1948, was the day when the Commissioners' Court canvassed the returns and declared the result of the election. January 12th therefore was the "return day" of the election, within the meaning of Art. 3042, R.S. 1925, which is as follows:

"Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

It is noted then that within thirty days after January 12, 1948, the return day of the election, there was on file with the district court of Liberty County the notice, grounds, and petition of appellees, and the pleading by appellant quoted above, acknowledging receipt thereof. Under the authority of Sewell v. Chambers, Tex.Civ. App., 209 S.W.2d 363, we hold that there was no necessity for appellees to prove service of the notice, which was admitted in appellant's answer. In his argument, appellant strongly contends that there is no proof or admission that the notice was served on him within the time required by Art. 3042, supra. He assumes, erroneously, we believe, that since his reply and answer was filed more than thirty days after the election day, there was no admission that he had received the notice within the time required by Art. 3042, supra. The wording

of the Statute is plain however, and admits but one conclusion. The "return day" of the election is the date with which one is concerned in computing the thirty day period within which an election contestant must serve his notice on a contestee and not the day of the election, as the appellant contends. Appellant's first point is overruled.

Appellant's second point is that there being no proof in the record that the election being contested was legally called and ordered by the Commissioners' Court of Liberty County, the court erred in rendering judgment for contestants.

Included in the evidence was a portion of the minutes of the Commissioners' Court of Liberty County, showing that on January 12, 1948, the court canvassed the returns and declared the result of the special election held January 3, 1948, in Liberty County. Such an order canvassing the returns and declaring the result of a local option election has been held to be prima facie evidence that all the preliminary steps in calling and holding the election have been in compliance with the law, when such election result has been in favor of prohibition. See Shields v. State, 38 Tex. Cr.R. 252, 42 S.W. 398; Ex Parte Schilling, 38 Tex.Cr.R. 287, 42 S.W. 553; Miller v. Tucker, Tex.Civ.App. 114 S.W.2d 307.

 It is believed that such evidence of the order of the Commissioners' Court canvassing the returns and declaring the result of the election, although it declared the result to be against prohibition, was prima facie evidence that the election was called and ordered and held in compliance with the law. We do not agree with the contention of appellees that no proof of such calling and ordering a local option election was necessary. Commissioners' Courts are authorized to call such elections only under such conditions as are prescribed by statute, and we think appellees' allegation that the election was duly called was a necessary one and that such allegation had to be supported by proof thereof. We hold, as indicated above, that the January 12, 1948, order of the Commissioners' Court was sufficient proof in the record to support such allegation. Appellant's second point is overruled.

Appellant's third and last point is that the court erred in overruling his motion for postponement of the trial, "it appearing without dispute that said motion was made in good faith to serve the ends of justice, not for delay only and that contestants will suffer no injury or inconvenience thereby, the action of the court under such circumstances being clearly an abuse of discretion". The petition of the contestants, appellees here, was filed January 29, 1948. On February 7th contestee, appellant here, filed his original answer and on February 9th the court set the case for trial for February 19th. On February 16th appellant filed a verified motion praying postponement of the trial to a date not earlier than March 1st. In his motion he alleged that among other grounds of his defense was one that alleged that numbers of persons in the 17 precincts of Liberty County were permitted to vote who were disqualified and that said persons voted for prohibiting the sale of all alcoholic beverages; that time allowed for the filing of said suit has not been sufficient to enable him to complete his investigation with respect to such illegal votes; that the matter of making proof concerning disqualified persons who voted in said election would involve obtaining much documentary evidence from several sources and would involve subpoenaing in court of approximately 50 witnesses; that one of contestee's attorneys was on February 16th proceeding to trial in another law suit, that he would therefore be unable to devote any time to the preparation of this case until the other case was terminated; that since the filing of the contest both of his attorneys, Mr. Chap B. Cain and F. K. Dougharty, had worked diligently in making their investigations and were in possession of facts which they believed would sustain the action of the Commissioners' Court, if they would be given adequate time within which to obtain and present acceptable evidence; that it was humanly impossible to have such proof available beginning February 19th.

 A hearing was had on such motion on February 18th and the Court over-

ruled the motion to postpone. We note from the record of the testimony taken at such hearing on motion that there appeared to be a continuing controversy between the trial judge and attorneys for the appellant as to whether the postponement would be granted. This controversy appeared again at the end of the trial. It is not apparent from the record that the appellant had any subpoenas issued for any witnesses until the date the case went to trial. When the contestants finished their testimony and rested the appellant declined to put on any testimony or take any further part in the trial except to announce to the Court that he could not be ready before March 1st, but stated to the Court that, subject to his motion for postponement which had been overruled the day before, the appellant rested his case. The Statement of Facts contains several pages of what appears to be an unseemly wrangle between the Court and the appellant, the gist of which appears to be that the Court desired to set the case on February 18th and appellant desired to set it on March 1st. The Court granted the appellant the right to file amended pleadings on the following day and also announced that he was going to recess as to the facts until March 1st and on the pleadings until the following day. The following day, February 20th, the Court re-convened with all attorneys present, and the Court announced that he overruled the renewed motion for postponement and entered judgment for the contestants. It is conceded that it is a well established rule that the granting or refusal of a motion for postponement is within the sound discretion of the trial court. The appellant contends, however, that the trial court abused his discretion in overruling his motion. With this contention we do not agree. The grounds contained in the motion were largely conclusions by the appellant as to why he could not be ready for trial on the day set. The trial court heard the motion and the evidence thereunder and if in his opinion the appellant was attempting to set the trial of the case for March 1st when he thought it could be tried on February 19th, it was not an abuse of his discretion to overrule the motion and proceed to trial. The appellant did not show sufficient diligence in attempting to secure the evidence in support of the allegations in his answer as would require us to find that the trial court abused his discretion in overruling the motion. We are unable to understand that portion of the proceedings in which the trial court announced a recess on February 19th to March 1st on the facts, and withdrew its decision to recess the following day. He had already overruled the motion for postponement on February 18th, however, and if in his discretion he decided that the appellant was without any good grounds for causing him to change his mind about it, it was within his discretion to reverse himself as to the postponement and enter judgment on the evidence as brought before him by the appellees.

The judgment of the District Court is affirmed.