IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 23, 2008

## RICKY FLAMINGO BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 86-F-1484    Cheryl Blackburn, Judge**

_____

### No. M2007-00158-CCA-R3-HC - Filed February 11, 2008

_____

The Petitioner, Ricky Flamingo Brown, was convicted in 1986 of rape of his twelve year old daughter. The trial court sentenced him *in abstentia* to life in prison after he escaped from jail. After his capture in 1990, he began to serve his sentence. Upon agreement by the State, the Petitioner proceeded with a delayed direct appeal, which this Court dismissed. The Petitioner subsequently filed a number of collateral appeals, all of which were denied by the trial court, with some of those judgments appealed and affirmed in this Court. In 2006, the Petitioner then filed this habeas corpus petition alleging a void sentence. The habeas corpus court denied the petition without a hearing. After a thorough review of the applicable record and law, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the Appellant, Ricky Flamingo Brown.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

A Davidson County jury convicted the Petitioner of raping his daughter in violation of

Tennessee Code Annotated section 39-2-603 (1986) (aggravated rape), a Class X felony, and judgment was entered on September 24, 1987. Although we have encountered some difficulty in determining exactly how many collateral writs and appeals the Petitioner has pursued, we note the Petitioner's procedural history was partially described by this Court in 1999:

> [The Petitioner] was indicted by the Davidson County Grand Jury in 1986 and charged with aggravated rape, accused of having sex with his twelve year old daughter. Trial was held in the Criminal Court for Davidson County, Tennessee, Division II, on August 3 and August 4, 1987. The jury convicted [the Petitioner] and his bond was immediately revoked. [The Petitioner] was placed in a room in the Criminal Justice Center in Nashville, Tennessee, and later the same day escaped from the Justice Center. [The Petitioner] did not appear for the sentencing hearing. [The Petitioner] received a life sentence *in absentia*. A motion for new trial was filed but denied as waived, and no direct appeal was prosecuted.
>
> [The Petitioner] was arrested and incarcerated in June 1990 and since has been serving a life sentence in Tennessee correctional facilities. On July 23, 1990, [the Petitioner] filed a pro se post conviction petition in this court, seeking review of his conviction and sentence. Subsequently, all parties agreed to postpone further proceedings, to allow [the Petitioner] the opportunity to seek a direct appeal.
>
> [The Petitioner] filed an application for delayed appeal with the Court of Criminal Appeals. Subsequently [the Petitioner] sought both direct appeal and delayed appeal, and was denied by the Court of Criminal Appeals and the Tennessee Supreme Court. In March and May 1996 evidentiary hearings were held on the post-conviction petition, and at the conclusion, proposed findings were ordered, at the suggestion of the parties, and subsequently filed.
>
> Petitioner filed his post-conviction petition in 1990, nearly three (3) years from date of his conviction, but still within the statute of limitations period in effect at the time. Tenn. Code Ann. § 40-30-102 (repealed May 10, 1995).

*Ricky Flamingo Brown v. State*, No. 01C01-9708-CR-00363, 1999 WL 61060, at *1 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. July 12, 1999). The habeas court further explained the procedural history as follows:

> On March 1, 1993, during the pendency of Petitioner's direct and delayed appeals process, the Petitioner filed his first pro se Petition for Writ of Error Coram Nobis. On March 2, 1993, the Honorable Ann Lacy Johns issued a letter to the Petitioner informing him that the Court cannot consider such pro se filings, because the Petitioner is represented by legal counsel. Michael Terry, Petitioner's legal counsel, incorporated the issues raised by the Petitioner in his pro se Petition for a Writ of Error Coram Nobis in his Petition for Post-Conviction Relief. Specifically the

2

Petitioner's claim that the victim's supposed recantation of her testimony proffered at trial constitutes newly discovered evidence was incorporated in his prayer for Post-conviction Relief. . . . On August 12, 1997, the Court denied Petitioner's Petition for Post-Conviction Relief.

On February 10, 1999, the Court of Criminal Appeals affirmed this Court's denial of Petitioner's Petition for Post-Conviction Relief. *Ricky Flamingo Brown v. State*, No. 01C01-9708-CR-00363, 1999 WL 61060 (Tenn. Crim. App. Feb. 10, 1999 at Nashville). The Petitioner filed a Motion to Reopen Post-Conviction Petition on September 24, 1999.

The Petitioner then filed a second Petition for Writ of Error Coram Nobis on April 16, 2002. This Court denied the Petitioner's second Petition in an Order issued May 9, 2002.

Petitioner then filed his third Writ of Error Coram Nobis, styled as "Writ of Error Coram Nobis Newly Discovered Evidence Reference to Sentencing Hearing and Issues Filed" on May 24, 2002. Although styled as addressing new evidence, Petitioner's Third petition for Writ of Error Coram Nobis raised the same issues as his first petition for Writ of Error Coram Nobis. On May 9, 2002, the Court issued an order, dismissing the Petitioner's third Writ of Error *Coram Nobis*. In this Order, the Court explicitly cautioned the Petitioner from filing any further petitions for Writ of Error Coram Nobis: 'This Court hereby instructs the Petition to refrain from filing any further Writs of Error Coram Nobis before this Court. The appropriate remedy is to seek review of the Court's previous orders.'

Petitioner did not appeal this Court's May 9, 2002 Order, dismissing his third petition for Writ of Error Coram Nobis. Approximately seven months later, on January 2, 2003, Petitioner filed essentially a fourth petition for writ of error coram nobis, requesting to supplement his 'original' Writ of Error *Coram Nobis*. This Court issued an order January 16, 2003. In that Order, the Court noted that Petitioner[ ] has a convoluted history with Petitioner filing inappropriate and redundant motions.' (Jan. 16, 2003 Order, at 2). In denying Petitioner's request, the Court made the following statement:

> Further, the Court points out to Petitioner that in this Court's May 9, 2002 Order, this Court stated the following: "This Court hereby instructs the Petitioner to refrain from filing any further Writs of Error Coram Nobis before this Court. The appropriate remedy is to seek review of the Court's prior Orders." This is Petitioner's only available route for legal relief is to timely appeal this Court's rulings.

*Id*. at 5. Petitioner appealed this Order. On August 26, 2003, the Court of Criminal

Appeals issued an order affirming this Court's ruling and the Tennessee Supreme Court denied permission to appeal. *Ricky Flamingo Brown v. State*, No. M2002-01343-CCA-R3-CO, 2003 WL 22005920 (Tenn. Crim. App., at Nashville, August 26, 2003), *perm. to appeal denied* (Tenn. Mar. 8, 2004).

Approximately one and one-half years later, Petitioner retained counsel and has filed the instant petition for habeas corpus relief. Petitioner acknowledges this is not his first habeas corpus petition. In fact, with the Amended Petition, Petitioner attached a May 31, 2005 Order from the Hardeman County Court denying a petition for writ of habeas corpus filed in that jurisdiction and with his September 13, 2006 Petition[], he attaches copies of prior petitions for habeas corpus relief.

We also note that the Petitioner pursued DNA testing, which this Court denied in 2003. *See Ricky Flamingo Brown v. State*, No. M2002-02427-CCA-R3-PC, 2003 WL 21362197 (Tenn. Crim. App., at Nashville, June 13, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003).

In his most recent habeas corpus petition, the Petitioner alleged that he was entitled to relief because his sentence is void. The habeas court denied relief without a hearing, and it is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner raises the following issues: (1) he was sentenced by the trial court in contravention of existing law because the trial court failed to place on the record the factual basis for the sentence; (2) he was sentenced improperly because the State did not prove he was a persistent offender; (3) the State failed to properly comply with the requirements associated with the sought after enhanced punishment; and (4) he was denied Sixth Amendment rights by being sentenced in contravention of the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq.* The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v.*

4

*Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The pleading requirements for filing a petition for writ of habeas corpus are set forth in Tennessee Code Annotated section 29-21-107. Section 29-21-107(a) requires that the petition for writ of habeas corpus must be signed and verified by affidavit. The statute also requires the petition to state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b)(1)-(4) (2000). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers v. State*, 212 S.W.2d 251, 259-60 (Tenn. 2007) (citing *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004)).

The Petitioner states in his brief the following: "Appellant asserts[,] pursuant to T.C.A. § 29-21-107(b)(4), that this is not his first application for the writ of habeas corpus, but it is his first alleging a void sentence on the basis that the sentence is in direct contravention of a statute or law in existence a[t] the time the sentence was imposed." With his petition, the Petitioner attaches a habeas corpus petition from 1995 and one from 2005. However, nowhere in the Petitioner's petition, brief, or attachments does the Petitioner include the "proceedings thereon . . . or satisfactory reasons . . . given for the failure to do so" from the 1995 petition. *See* T.C.A. § 29-21-107(b)(4). From our review of the attached previous petitions, it is clear that many of the issues raised in this petition were also raised in those. It is unclear how those issues were disposed of as we do not have a judgment or order dismissing the 1995 petition. We conclude that the Petitioner has failed to scrupulously follow the procedural requirements. As such, we affirm the judgment of the habeas court. *Summers*, 212 S.W.2d at 259-60.

### III. Conclusion

5

Because we have determined that the Petitioner has not followed the procedural requirements necessary for habeas review, we affirm the judgment of the habeas court.

_____

ROBERT W. WEDEMEYER, JUDGE