IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 18, 2012

**JESSE L. ROGERS, III v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. 6025     Robert E. Cupp, Judge**

**No. E2012-00795-CCA-R3-HC - Filed January 23, 2013**

The petitioner, Jesse L. Rogers, III, pro se, appeals the trial court's dismissal of his petition for a writ of habeas corpus from his 1994 convictions for first degree murder and attempted first degree murder. He claims the judgment is void due to an invalid waiver of his constitutional rights during the entry of his guilty plea. The trial court denied relief without appointing counsel, concluding that the petitioner failed to state a cognizable claim for habeas corpus relief.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Jesse L. Rogers, III, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Joe Crumley, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

From the habeas corpus petition, the attachments to the petition, and a 2011 opinion from the Tennessee Court of Appeals, we surmise that in 1994, the petitioner pled guilty to first degree murder and attempt to commit first degree murder and was sentenced to consecutive terms of life and twenty years. *Jesse L. Rogers, III* v. *State*, No. E2010-01353-COA-R3-CV (Tenn. Ct. App., at Knoxville, Mar. 31, 2011).  On April 15, 2010, the

petitioner filed a petition for writ of certiorari in the Johnson County Chancery Court seeking review of the Johnson County Circuit Court's March 2, 2010 denial of his petition for habeas corpus relief, which he had filed on October 9, 2006. _Id_. The writ of certiorari also independently sought habeas corpus relief. *Id*. The Chancery Court dismissed the petition on May 25, 2010 without a hearing. The Tennessee Court of Appeals affirmed the judgment of the Chancery Court. _Id_.

On January 24, 2012, the petitioner filed the instant petition for a writ of habeas corpus alleging that his judgment is void due to an invalid plea bargain/waiver of constitutional rights and that the criminal court has no jurisdiction or authority to sentence or order imprisonment without a true conviction. By order dated April 2, 2012, the trial court found that the petitioner failed to state a cognizable claim for habeas corpus relief and summarily dismissed the petition. The petitioner appealed.

**Analysis**

On appeal, the petitioner claims the trial court erred when it dismissed his petition without appointing counsel and without considering the merits of the petition. We disagree.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. *See also* T.C.A. § 29-21-101, et seq (2010). However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." _Archer v. State_, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he presumption of a habeas corpus petition is to contest void and not merely voidable judgments." *Id*. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

*Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations and quotations omitted); *see also Summers v. State*, 212 S.W.2d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. *See Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Initially, we note that the petitioner indicates in the instant petition that this is his first application for habeas corpus relief. However, based on the references in the record to a prior petition and its denial, this affirmation appears to be inaccurate. Notwithstanding this erroneous representation, the Court will examine the petitioner's issues related to the trial court's summary dismissal of petition now before us.

Throughout his habeas corpus petition and accompanying documents, the petitioner describes his guilty plea as an invalid contract, an invalid plea bargain, an invalid waiver of constitutional rights, and a void legal proceeding. He adds that, because of the invalid plea, the trial court was without jurisdiction or authority to sentence him. Although couched in a variety of ways, the petitioner's primary claim is that his guilty plea was not knowingly, voluntarily, and intelligently given because the record does not reveal an express waiver of his constitutional rights. This attack on the adequacy of the record is premised upon his present inability to obtain a verbatim transcript of the guilty plea colloquy from 1994.

Here, we cannot conclude that the petitioner's judgments are facially invalid. A document contained in the petitioner's attachments to his petition entitled "Plea of Guilty" and dated June 30, 1994, indicates the plea was taken in the Criminal Court for Knox County. The plea form contains the following language:

> The [petitioner], appearing in person in this cause, and having been fully advised by the Court of the crime against him, the punishment which could be meted out if the [petitioner] is found guilty and his Constitutional rights therein, hereby voluntarily pleads guilty to the offense of First Degree Murder, as charged in the 2^(nd) count; & Attempt to Commit First Degree Murder as charged in the 3^(rd) count. The [petitioner] also states to the Court that his attorney being present . . . has fully informed him of all

of his rights and that after full explanation of these rights, the [petitioner] informed his attorney that he wanted to voluntarily enter a plea of guilty, and to this decision of the [petitioner], said attorney agrees.

This "Plea of Guilty" bears the signatures of the two attorneys who served as petitioner's counsel at the trial level along with what purports to be the signature of the petitioner, his social security number, and his date of birth. The judgment forms reflect a guilty plea to first degree murder for which petitioner received a life sentence and a guilty plea to attempt to commit first degree murder for which he received a consecutive twenty-year sentence.

We find nothing on the face of this record that would have stripped the court of its jurisdiction to accept the plea and subsequently sentence the petitioner. The petitioner places great emphasis on the absence of a verbatim transcript of the guilty plea proceedings. The petitioner suggests that because no transcript has been provided, the record is necessarily "silent" as to the waiver of his constitutional rights in contravention of the long standing requirements established in *Boykin v. Alabama*, 359 U.S. 238 (1969). We find it unnecessary to resolve the transcript issue but would note that absence of the transcript does not equate to evidence that the plea was not knowingly, voluntarily and intelligently given or that the record is silent in the constitutional context. *See generally Parke v. Raley*, 506 U.S. 20 (1992); *Hickman*, 153 S.W.3d at 16.

Here, the fact remains that petitioner's claims necessarily require the introduction of proof beyond the record to establish invalidity of the convictions, including some basis for his claim that the guilty plea form he and his counsel signed failed to include proper admonition of his constitutional rights though they were specifically referenced within the plea form. The petitioner's claims are not void but are merely voidable. Accordingly, these claims are not within the narrow purview of the habeas corpus statute.

Furthermore, our court has previously concluded that challenges to convictions based upon constitutional violations in the conviction proceedings, including a claim that a guilty plea was not knowingly and voluntarily entered, are issues to be addressed in the post-conviction setting rather than in habeas corpus proceedings. *Luttrell v. State*, 664 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *Archer*, 851 S.W.2d at 163. It does not appear from the record that the petitioner availed himself of that avenue of review.

The petitioner has failed to meet his burden of establishing a cognizable claim for habeas corpus relief. As such, we conclude that no error resulted from the trial court's summary dismissal of the petitioner's petition for habeas corpus relief.

**CONCLUSION**

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE